| 63    29 |
| 26a   223 |
| 63    29 |
| 130   332 |
| 63    29 |
| 136   579 |

## ORLANDO POWERS

*v.*

## WILLIAM E. WHEELER *et al.*

1. CASE—*fraudulent act to defeat creditor's lien.* A party who purchases goods and chattels of a judgment debtor with knowledge of the creditor's judgment and execution, which is a lien thereon, for the purpose of aiding the debtor to defraud the plaintiff in the judgment, where such purchase is an injury to such plaintiff by reason of the removal of the property and the insolvency of the debtor, is liable to the creditor in an action on the case for the damages occasioned by such act.

2. A count in a declaration in such a case which fails to allege that the purchaser had knowledge of the existence of the judgment and execution at the time of his purchase, is bad on demurrer.

APPEAL from the Circuit Court of Macon county; the Hon. ARTHUR J. GALLAGHER, Judge, presiding.

Messrs. Crea & Ewing, for the appellant.

Mr. A. B. Bunn, for the appellees.

Mr. Justice McAllister delivered the opinion of the Court:

The question presented by this record arises upon a general demurrer to the declaration. The declaration contains two counts in *case.* The first count alleges, in substance, the recovery of a judgment by the plaintiff against one Bivens, in the Macon circuit court, for the sum of $1519.40, besides costs, the issuance of execution and delivery thereof to the sheriff; that at the time the execution was so delivered, Bivens, the judgment debtor, was the owner of and had in his possession three hundred hogs, which were liable to execution and subject to the lien thereof; that the defendants, with knowledge of the judgment, and that an execution was in the hands of the sheriff, and while the same was in full force, for the purpose of aiding Bivens in defrauding the plaintiffs in the premises, purchased said hogs of said Bivens, and for the better carrying out said fraudulent purpose, the said hogs were removed in the night time from the possession of Bivens to that of the defendants. The count then sets out the insolvency of Bivens and the loss by plaintiffs of the amount of the judgment, except about $200 thereof, by reason of the premises.

The second count is like the first, except that it omits the allegation of knowledge of the judgment and execution, and the fraudulent purpose on the part of the defendants in purchasing the hogs.

We think the want of these allegations clearly renders the second count insufficient.

The proposition of law arising upon the first count is, whether a man, who purchases goods and chattels of a judgment debtor with knowledge of the judgment and execution,

and for the purpose of aiding the judgment debtor to defraud the plaintiff in the judgment, and such purchase results in an injury to such plaintiff by reason of the removal of the property and insolvency of the judgment debtor, can be made liable, in an action on the case, for the damages sustained.

As long ago as 1776, Lord MANSFIELD said: "If a man knows of a judgment and execution, and, with a view to defeat it, purchases the debtor's goods, it is void; because the *purpose is iniquitous.*" *Cadogan* v. *Kennett,* Cowper, 432, and the same case holds such purchase void even if upon a valuable consideration.

In Kerr on Frauds, 147, the doctrine is stated thus: " But if the purchaser, knowing of the judgment, purchases with the view and purpose to defeat the creditor's execution, it is iniquitous and fraudulent, notwithstanding he may have given a full price, for it is assisting the debtor to injure the creditor. The question of fraud depends on the motive." See cases cited in note (P).

The act being iniquitous and fraudulent, and the plaintiff being injured thereby, will an action on the case lie in his favor? It is well settled that he could not maintain trover; nor, without a levy, could the sheriff. If, then, there is any remedy for the creditor, it is in this form of action. We think the case of *Yates* v. *Joice,* 11 Johns. R. 136, approved by this court in *Topping* v. *Evans,* 58 Ill. 209, is an authority for this action. The court said of the action, in *Yates v. Joice*: " The books do not furnish a precedent in its favor. It is obvious, however, from the statement of the plaintiff's case, in the declaration, the truth of which is admitted by the demurrer, that he has sustained damages by the act of the defendant, which he alleges was done fraudulently and with intent to injure him. It is the pride of the common law that, wherever it recognizes or creates a private right, it also gives a remedy for the wilful violation of it." That case, it is true, was for demolishing and removing away from a lot levied upon by the sheriff, a building, with notice of the judgment and execution,

and with the intent to injure the judgment creditor and prevent satisfaction of his judgment. But the principle which governed is quite analogous. So also is that of *Gardner* v. *Heartt*, 3 Denio, 232.

The court erred in sustaining the demurrer to the whole declaration, and the judgment is reversed and the cause remanded, with directions to the court below to overrule the demurrer to the first count, and sustain it to the second, with leave to the plaintiff to amend as to the latter.

*Judgment reversed.*