ALEXANDER WATT

*v.*

BRYANT T. SCOFIELD.

| 76 | 261 |
| 23a | 146 |
| 23a | 147 |
| 26a | 224 |
| 76 | 261 |
| 130 | 332 |
| 76 | 261 |
| 32a | 107 |
| 76 | 261 |
| 136 | 577 |
| 76 | 261 |
| 42a | 582 |
| 76 | 261 |
| 56a | 648 |
| 76 | 261 |
| 78a | 27 |
| 76 | 261 |
| 97a | [3]187 |
| 76 | 261 |
| 108a | [1]503 |
| 108a | [2]503 |

1. LANDLORD'S LIEN—*purchase of crop with notice will not defeat the lien.* The statutory lien given a landlord upon the crops growing or grown upon the demised premises in any year for the rent that shall accrue for such year, is not defeated by a sale of such crop or any portion thereof by the tenant to a person who has notice of the fact of the tenancy, and that it was raised on the demised premises, but the landlord may enforce his lien upon such crops as against such purchaser.

2. SAME—*when the lien attaches.* The landlord's lien attaches upon the crops grown upon the demised premises in any given year, for the rent of such year, from the time of the commencement of their growth, whether the rent is then due or not.

3. NOTICE—*facts sufficient to charge purchaser of crops from a tenant with notice of landlord's lien.* Where a purchaser of corn from a tenant knows the fact of the tenancy, and that his vendor, as such tenant, had raised the corn on the demised premises, this will be notice to him of any lien the landlord may have upon the same for unpaid rent.

4. SAME—*what will amount to.* It is the common doctrine, that what is sufficient to put a purchaser upon inquiry, is good notice of whatever the inquiry would have disclosed.

5. TROVER—*when it lies.* To maintain trover there must exist the right of immediate possession. Where a tenant sold and delivered corn, upon which his landlord had a lien for rent, not then due, and the landlord made a demand of the same before the rent was due, and upon refusal to deliver brought an action of trover against the purchaser: *Held,* that, as the landlord was not then entitled to possession, he could not maintain trover for a conversion of his property.

APPEAL from the Circuit Court of Hancock county; the Hon. JOSEPH SIBLEY, Judge, presiding.

Messrs. MACK & BAIRD, for the appellant.

Messrs. SCOFIELD & HOOKER, for the appellee.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was an action of trover, brought by appellee, Scofield, against appellant, Watt, on the 23d day of February, 1871, for the alleged conversion of a quantity of corn.

The cause was tried by the court below, without a jury, upon an agreed statement of facts, whereby it appeared that one Kenny raised the corn in question, in the year 1870, on the farm of Scofield, in Hancock county, in this State, and demised by Scofield to Kenny for that year, under a written lease, at a cash rent of $660, to be paid November 25, 1870; that Watt, a merchant, residing and doing business at Elvaston, in said county, and one mile from the farm, about November 10, 1870, as agent of one Green, living without the State, bought from Kenny the corn, being 350 bushels, of the value of $90, which was then delivered and paid for; that Kenny, as such tenant, lived upon said farm with his family, and cultivated it during the year 1870; that the corn was raised by Kenny on said farm in that year; that Watt, at the time he purchased the corn, knew that Kenny was the tenant of Scofield, and raised the corn on the latter's farm as such tenant; that Kenny, on October 18, 1870, paid Scofield on the rent $277, and at the time of Watt's purchase Kenny was indebted to Scofield, for balance of rent, $383, which became due November 25, 1870, and he has ever since been so indebted, except $42 of it, which has been made, and that is all that could have been made, by distress or otherwise, since the sale to Watt; that Scofield, immediately after learning of the sale to Watt, on November 15, 1870, made demand on the latter for the corn, notifying him the rent had

not been paid, and that he would be held responsible for the corn. The corn was not, at that time, in Watt's possession, but had been sent by him out of the State to market. Scofield did not issue his warrant to distrain for the rent until after the commencement of this suit.

The court found the issue for the plaintiff, and assessed his damages at $90, and rendered judgment therefor, and defendant appealed.

The main question presented is, whether the landlord can enforce his statutory lien upon crops against a purchaser from the tenant, who had notice that his vendor was such tenant and that the crop purchased was grown in that year on the demised premises.

Our Landlord and Tenant act provides that "every landlord shall have a lien upon the crops growing or grown upon the demised premises in any year, for rent that shall accrue for such year." Another provision exempts from distress for rent the same articles of personal property which are by law exempt from execution, except the crops growing or grown upon the demised premises.

It is unnecessary to decide, here, how it might be with a *bona fide* purchaser without notice; but unless the purchaser of crops be such an one, we can have no doubt that he buys subject to this statutory lien.

And in this case we are of opinion that Watt was not a *bona fide* purchaser without notice.

A *bona fide* purchaser is one without notice of a prior claim or incumbrance. *Robinson* v. *Rowan,* 2 Scam. 499.

Watt knew, when he purchased the corn, that his vendor was the tenant of Scofield for the year 1870, and that as such tenant he had raised the corn on the demised premises. He knew that Scofield had a lien upon the crops grown upon the premises that year, for the rent for such year, because it was given by the statute, and every one is presumed to know the law.

Watt, then, had full knowledge, at the time he purchased the corn, of Scofield's lien upon it for his rent, except, may be, actually knowing that the rent was unpaid; but he had reason to believe that it was unpaid—at least there was enough to excite his suspicion that it was not paid, and put him upon inquiry to ascertain the fact in that regard. It is the common doctrine, that what is sufficient to put a purchaser upon an inquiry is good notice of whatever the inquiry would have disclosed. Knowing, as he did, that Scofield had a security upon all corn grown upon the land for the rent that should accrue for the year, Watt should not be allowed to protect himself under the plea that he did not know but that the landlord might have been paid his rent. The reasonable apprehension would be that the rent was not paid; and good faith on the part of Watt, and a proper regard for the rights of another, demanded an inquiry whether the rent was paid or not, before making the purchase which would be so likely to impair the landlord's security.

We can not accede to appellee's construction of the statute, that the landlord's lien does not attach until the time at which the rent becomes due and payable—as in this case, not until the 25th of November, the time at which the rent was agreed to be paid. This would operate to give no security upon the crops for the rent until after it had become due, whereas the statute gives the lien upon the crops "growing or grown" for rent that "shall accrue" for the year. We think the statute gives security upon the crops for the rent, and that it attaches from the time of the commencement of their growth.

A majority of the court, however, not including the writer hereof, being of opinion that trover does not lie in this case, on the ground that at the time of Scofield's demand of the corn from Watt, Scofield was not entitled to its possession, as the rent had not at that time become due, the judgment will be reversed and the cause remanded.

*Judgment reversed.*

Mr. CHIEF JUSTICE WALKER : I am unable to concur in the decision announced in the above case, believing that trover should be held to lie, on the facts disclosed in the record before us.

Mr. JUSTICE McALLISTER : I concur in reversing, on the ground that trover will not lie. It is true, the plaintiff had a lien given by the statute, but it is a mere lien. The landlord had not, by virtue of the lien alone, and without levy of a distress warrant, a right of possession. He could not take possession of the tenant's crops at any time he chose, before the rent was due, nor could he, after it was due, by virtue of the lien alone. The statute gives no such authority. The remedy is, therefore, by action on the case for a fraudulent act, intended to impair the landlord's security, when the circumstances warrant, like the cases of a lien by mortgage or execution. *Powers* v. *Wheeler et al.* 63 Ill. 29.

To maintain trover there must exist the right of immediate possession. The plaintiff here had no such right.

Mr. JUSTICE CRAIG : I concur in the views expressed by Mr. JUSTICE McALLISTER.