## ADOLPH MULHEISEN *et al.*

### *v.*

### WILLIAM LANE.

1. TROVER—*when it lies.* An officer acquires no such interest in property, until he has seized it under execution, as gives him the right to recover the value in an action of trover, or the property itself in replevin. Until after a levy, he can maintain no action in respect to personal property of the defendant in execution.

2. SAME—*when demand is necessary.* Where personal property is taken on execution by a constable, trover can not be maintained against the plaintiff in the execution when sued with the officer, without proof of a demand and refusal to surrender the property.

3. OFFICER—*rights of, under execution.* If an officer reduces personal property to possession by a levy under an execution, and any one dispossesses him, he may recapture it, or recover the value of his special interest in it, in an action of trover.

APPEAL from the Circuit Court of Washington county; the Hon. AMOS WATTS, Judge, presiding.

Mr. GREENE P. HARBEN, for the appellants.

Mr. P. E. HOSMER, and Mr. DANIEL HAY, for the appellee.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

The officer being unable to find the property described in the writ of replevin, so as to deliver it to plaintiff, a count was added to the declaration, in trover, upon which a recovery was had.

Plaintiff was a constable, and had in his hands an execution, issued by a justice of the peace, against the goods and chattels of John L. McNeil. The property in controversy is a sewing machine. No levy had been made upon the property, and, indeed, plaintiff never saw it. He understood McNeil was the owner of a sewing machine, and went to make a levy upon it, but was told defendants had just taken it away. At an interview subsequently had with Mulheisen, who was also an acting constable, he told plaintiff he had taken the machine on an execution in favor of McElwaine, against McNeil, but plaintiff says, on comparing the executions, he found his was some ten or twelve days the oldest. Upon making this discovery, he demanded the property of Mulheisen, but he refused to give it up, saying he must first see McElwaine. There was some evidence tending to show the machine was worth $50. Upon this evidence the jury found a verdict in favor of plaintiff for the value of the machine, on which the court rendered judgment against both defendants.

There is a total want of evidence to sustain the verdict. Plaintiff was neither the owner, nor entitled to the possession of the property, in the sense that would enable him to maintain trover for its value. Really, there is no evidence in the record the machine was the property of the execution debtor. But, waiving this question, what right had plaintiff to the possession of the property? He never saw the machine, had made no levy upon it, and never had it in his possession. We do not understand an officer acquires such interest in property, until he has seized it under execution, as gives him the right

to recover the value in an action of trover, or to recover the property itself in replevin. Had he reduced the property to possession by a levy, if any one should dispossess him, he could recapture it, or recover the value of his special interest in it, in an action of trover. Until after seizure, he could maintain no action. The mere right to levy upon it gives the officer no interest in the property itself.

But in no event could a recovery be had against McElwaine until after demand had been made upon him, and a refusal to surrender the property. He was afforded no opportunity to deliver it. When plaintiff demanded the machine of Mulheisen, he declined to give it up until he could see McElwaine. This was all the demand that was ever made upon any one, and it would, in no event, warrant a judgment against McElwaine, the execution creditor. Before he could be held liable as for a conversion, it was indispensable to prove a demand upon him, and a refusal to surrender the property to the party entitled to the possession. This was not done.

The judgment will be reversed, and the cause remanded.

*Judgment reversed.*