## I. C. PERSELS
### v.
### JAMES McCONNELL ET AL.

1. OFFICER WITH EXECUTION—REPLEVIN.—An officer having an execution in his hands which may be a lien on property, confers no right on him to maintain replevin. His duty is to levy the execution on the property.

2. LEVY.—In order to constitute a valid levy upon personal property, the officer must reduce the property to possession, or at least bring it within his immediate control. Mere "pen and ink" levy is not sufficient.

3. EVIDENCE—MATERIALITY.—As there was nothing in the record to show how the evidence to which objections were made and sustained was material or relevant to any issue in the case, the judgment is affirmed.

APPEAL from the County Court of Grundy county; the Hon. A. R. JORDAN, Judge, presiding. Opinion filed August 7, 1885.

Mr. S. C. STOUGH and Messrs. CLOVER BROS., for appellant; as to levy, cited Forth v. Pursley, 82 Ill. 152; Logsdon v. Spivey, 54 Ill. 104; Freeman on Executions, § 260; Pierce v. Roche, 40 Ill. 292; Douglas v. Whiting, 28 Ill. 362; Bryant v. Dana, 3 Gilm. 343; Davidson v. Waldron, 31 Ill. 120; Howard v. Bennett, 72 Ill. 297.

Mr. R. M. WING, for appellees; cited Hotchkiss v. McVicker, 12 Johns. 405.

WELCH, J. This was an action of replevin brought by the appellant against the appellees. Trial, verdict and judgment for the appellees.

Appellant was a constable, and as such there was, on the 10th day of May, 1884, placed in his hands an execution that issued on a judgment rendered on the 25th day of March, 1884, by I. B. McGinnis, a justice of the peace, in favor of George W. Brown & Co., for the sum of $58.67 and costs, against Nicholas Henson. Appellant, on receipt of the ex-

Persels v. McConnell.

ecution, went to the residence of Henson to collect the money or levy the execution. He saw while there the property in controversy. He indorsed on the execution a levy on eighteen acres of growing oats and on an old bay mare, leaving the mare with Henson.

In order to support an action of replevin, it is not necessary that the plaintiff should be vested with an absolute title to the property. It is sufficient if he has a general or special property therein, and is entitled to the immediate possession thereof. An officer having an execution in his hands, which may be a lien on property, confers no right on him to maintain replevin; his duty is to levy the execution on the property. In order to constitute a valid levy upon personal property, the officer must reduce the property to possession, or at least bring it within his immediate control; a mere " pen and ink " levy is not sufficient. Chittenden v. Rogers, 42 Ill. 100; The People v. Johnson, 4 Bradwell, 346. Such valid levy vests the title in the officer. Corbin v. Pearce, 81 Ill. 461; Mulheisen v. Lane, 82 Ill. 117.

Having in view these rules we will now examine the principal error assigned—the refusal of the court to admit proper evidence on the part of appellant. Appellant, in answer to a question asked by counsel for appellee, " Is the property in this suit indorsed on the execution?" answered, " No, it was not indorsed." He was further asked, " Did you make a levy on this property with this execution?" To which he answered, " No." He was then asked by his own counsel, " Why was the property mentioned not indorsed on the execution? Why have you not got this property, the cornplanter and scraper, and what arrangement did you make with Henson in regard to this property at the time you were there?" To each of the above questions objection was made and sustained.

We are unable to say that the objections were not properly sustained, and this applies with equal force to the remainder of the questions to which objections were made and sustained, there being nothing shown in the record how the questions or any answer thereto could be material or relevant to any issue

in the case.   The record fails to show that any statement was made by the appellant as to what he proposed to prove by the answers to his questions, so that we might determine as to its relevancy or materiality.   Appellant, as an officer, by virtue of this execution, without a levy on this property, had no such title or interest in the same as to authorize an action of replevin by him for it.   As to what his reasons were for not indorsing the property on the execution, and why he has not got the property now, and what agreement he had made with Henson in regard thereto, could furnish no light upon the question as to his right to maintain this action.   He made no levy by taking the property into his possession; he did not even make a " pen and ink " levy.   No title or interest would vest in him by virtue of the execution except by a levy, and, as admitted by him, no such levy having been made, we are unable to perceive how he can maintain this action.   No arrangements he might have made in relation to it with Henson, without having made a levy, could avail him anything.

Perceiving no error, the judgment is affirmed.