## JOHN B. FRINK.
### v.
## PRATT & COMPANY.

*Trover—Parties—Landlord's Statutory Lien—Right of Possession.*

The landlord, merely by virtue of the statutory lien on a crop of grain produced by his tenant, has no such right of possession as is required to support an action of trover against a purchaser from the tenant.

[Opinion filed November 18, 1887.]

APPEAL from the Circuit Court of Macon County; the Hon. C. B. SMITH, Judge, presiding.

Messrs. BLADES & NEVILLE, for appellant.

Messrs. OUTTEN & VAIL, for appellees.

WALL, J. Appellant brought an action of trover against the appellee to recover the value of a quantity of corn grown on the land of appellant by his tenant, who sold it to the appellee. Appellant's claim was based on his right to one-third of the crop for the rent of the land, and he insists that by virtue of the statutory lien in his favor he may pursue any one who acquires the corn from the tenant.

The case was tried by the court, a jury being waived, and there was a finding and judgment for the defendant below.

Assuming that the lien of the landlord is paramount, the question is whether he has such property in the crop or any part of it that he can maintain trover.

This action, the form of which is fictitious, is, in substance, a remedy to recover the value of personal property wrongfully converted by another to his own use. In order to recover, the plaintiff must have property in the chattels, either general or special, and the right of immediate possession.

"Special property, in a strict sense, may be said to consist in the lawful custody of goods with a right of detention against the general owner, but a lower degree of interest will some times suffice against a stranger, for a wrongdoer is not permitted to question the title of one in actual possession and custody of the goods when he has wrongfully invaded that possession. The naked possession with claim of right is enough against one who shows no better right, hence a Sheriff who has attached goods may maintain an action against one who takes it from his possession or that of his bailee." 2 Gr. Ev. 637.

The right of possession is important and it must concur with property, general or special, in the plaintiff, at the time of conversion.

When a tenant is to pay a part of the crop as rent of the land, he is regarded as the owner of the whole crop until the stipulated rent is set off. There is no joint possession or ownership in such cases. The tenant is the owner and the landlord has merely his lien for the rent which he may enforce by distress. Alwood v. Ruckman, 21 Ill. 200; Dixon v. Niccolls, 39 Ill. 372.

In Powers v. Wheeler, 63 Ill. 29, it was held that case would lie against one who assisted a debtor in removing property, on which an execution had become a lien but had not been levied, beyond the reach of the officer. It was said trover would not lie in such case, for, notwithstanding the lien, there was no such right of possession as would support the action, nor was there such property, general or special, as would be

necessary. In Watt v. Schofield, 76 Ill. 261, it was held, in the separate opinion of McAllister, J., in a case similar to the present, that the landlord has not, by virtue of the lien alone and without levy of a distress warrant, the right of possession. It does not appear that in this opinion a majority of the court agreed, as upon the facts in that case, for another reason—that the rent was not due—there was no right of possession. It has not, so far as we are advised, been determined whether, in this State, the landlord may maintain trover by virtue of his lien merely, but we are inclined to hold that the question must receive a negative reply. The tenant having possession of the whole, and being regarded as the owner of the whole until the rent is set apart, there seems to be no special property and no right of immediate possession in the landlord until the levy of a distress warrant. The lien of the landlord is not superior to that of an execution in the hands of an officer, and if the latter can not maintain trover until he has made a levy, it is difficult to see how the former could do so. 2 Kent, *638.

The judgment of the Circuit Court will be affirmed.

*Judgment affirmed.*