### William C. Holmes v. Thomas F. Holifield.

1. POSSESSION—*Possession of Land is Possession of Crops Growing upon it.*—A person in possession of land is, by virtue of such possession, so far as strangers are concerned, in possession of the crops growing upon it.

2. SAME—*Carries with it the Right to Mortgage the Crops.*—A tenant who is in the legal possession of land, has the right to mortgage the growing crops. As between him and his landlord, he may agree before his crops are planted, to deliver his landlord's share when they are harvested, but such an agreement is in the nature of a secret lien and will not prevail against a valid mortgage.

Replevin.—Appeal from the Circuit Court of Pope County; the Hon. JOSEPH P. ROBARTS, Judge, presiding. Heard in this court at the August term, 1901. Reversed and remanded. Opinion filed October 21, 1901.

Statement.—This is an appeal from a judgment of the Circuit Court in favor of appellee in an action of replevin

for a lot of wheat, brought before a justice of the peace and appealed to the Circuit Court.

J. H. Bailey rented from appellant in 1897, raising wheat, appellee furnishing seed, tools and team, and receiving as rent one-half the wheat. In 1898 Bailey again rented and sowed wheat and rye, also planting some corn, appellee furnishing seed, binder and one team.

There is some conflict in the testimony of Bailey and appellee as to how the division of the wheat was made for this year's rent. Appellee testifies that the money received for it was divided. That he took from Bailey's part what Bailey owed him on a store bill, and gave him the remainder. Bailey testifies that it was divided upon the grain receipts given for it when it was delivered. For the third year Bailey rented ninety-five acres and sowed it in wheat, he furnishing the teams, appellee furnishing seed and the binder. Bailey testifies that there was no change in the contract, which was verbal, except that he was to furnish the teams. Appellee testifies, in substance, that the wheat was to be in his possession until marketed, when he was to retain out of Bailey's share what was owing him on a store bill, and was to give Bailey what was left. On May 28, 1900, Bailey mortgaged his half of the wheat to appellant, W. C. Holmes, to secure a note of $42, and a store bill of $75. When the wheat was threshed, Bailey turned over his half of the wheat to appellant, who hauled part of it away from where it was being threshed. While hauling the remainder he was stopped by appellee, who took the wheat from the wagons in which it was being hauled. Appellant brought replevin to recover it, and this is the action before us for review.

BEAMS & BROWNING and JAMES C. COURTNEY, attorneys for appellant.

D. G. THOMPSON and WILLIAM H. MOORE, attorneys for appellee.

MR. JUSTICE WORTHINGTON delivered the opinion of the court.

The validity of the chattel mortgage to appellant is not seriously questioned. Bailey was the tenant of appellee and as such was in possession of the ninety-five acres upon which the wheat in controversy was grown. He sowed, cut, threshed and stacked the wheat and put it in sacks, dividing it as it came from the machine. Whether this was in accordance with his contract with his landlord is not material for the decision of this case. So far as the outside world was concerned he was in possession of the wheat as it grew, by virtue of being in possession of the land upon which it grew. Frink v. Pratt & Co., 130 Ill. 327; Watt v. Scofield, 76 Ill. 261.

Being in possession, he had the legal right to mortgage it to appellant and to deliver it to him upon his mortgage when it was threshed.

If appellee's version of the contract of leasing is correct, it amounted only to Bailey's agreeing to give him a lien upon property not then in existence, and which, so far as other creditors could know, when it came into existence, was free from liens and incumbrances. Such a promised lien could not prevail against a subsequent valid lien, held by one having no notice of the contract agreement. Gillings v. Nelson, 86 Ill. 591.

In this view of the case, the instructions given for appellee, to the effect that if they believed that appellee was in possession of the wheat, etc., were misleading. There was no evidence tending to show that appellee was in possession as against one holding a valid lien.

As to his tenant, Bailey, he might have asserted his right of possession until his store bill was paid, if his version of the contract is correct, but not as to other creditors. In instructions of this character the law as to what constitutes possession should also have been stated. Possession involved a mixed question of law and fact which the jury could not correctly determine without knowing what the law was.

For the reasons given the judgment is reversed and the case remanded.