[No. 8218.]

## INTERNATIONAL TRUST COMPANY V. PALISADE LIGHT, HEAT AND POWER COMPANY ET AL.

1. ESTOPPEL—*By Deed—Recitals.* A recital contained in a deed is not an estoppel unless material to the purpose of the instrument, nor unless it appears that it was intended to declare and settle a fact. (401.)

An electric lighting company issued a series of bonds, the proceeds of which were to be applied to rebuild and enlarge the plant, complete payment therefor, and add an equipment for the manufacture of ice, and, to secure the payment of these bonds, executed a deed of trust conveying a tract of land upon which the plant was situated, and "the following described personal property"—here was enumerated a list of appliances and articles of machinery manifestly appropriate for the operation of the lighting plant. The articles described as personalty were partly in course of removal, from a former location, and partly in transit from the East, where they had been purchased. Some of these articles were connected in the description with their "settings" or "foundations." The deed conferred upon the trustee, in case of default made by the lighting company in

any of its covenants, authority to operate the plant as an entirety. It was not acknowledged as a chattel mortgage, and, though the indebtedness secured exceeded $2500.00, the affidavit required by the statute, in such case, was not filed. *Held* that the trustee was not estopped by the inapt description of the machines and appliances, as personalty, to claim that in fact they were part of the plant and covered by the lien of the deed of trust. (402.)

2. MORTGAGE OF LANDS—*Lien Follows Things Severed.* The trustee in a deed of trust of a lighting plant held entitled to follow, by bill in equity, machinery and appliances unlawfuly severed from the lands, and impress thereon, or upon the proceeds thereof, the lien of the deed of trust. (403, 405.)

3. LAND—*What Things Are Part Thereof.* Machines and appliances intended for and necessary to the completion of a manufacturing plant, *held* parcel of the realty, though not attached, and some thereof not yet upon the ground, but in transit from eastern markets. (402, 403.)

4. TROVER—*When the Action Lies.* Only when the plaintiff has, at the time of the conversion, an immediate,·absolute and unconditional right of possession. (404.)

5. REPLEVIN—*When the Action Lies.* The action is not available to one who has not the possession, nor the right of possession, of the goods, at the time of their removal, and has not since acquired such right. (404.)

*Error to Mesa District Court.* Hon. THOS. J. BLACK, Judge.

Mr. BARNWELL S. STUART, Mr. GERALD HUGHES, Mr. CLAYTON C. DORSEY, for plaintiff in error.

Messrs. MORRIS & GRANT, and Messrs. MILLER & TUPPER, for defendants in error.

Opinion by Mr. JUSTICE TELLER.

The plaintiff in error brought suit, as trustee, to foreclose a deed of trust, given by the Palisade Light, Heat and Power Company to secure an issue of bonds, the proceeds of which were to be used to complete the payment for an electric Light plant, to rebuild and enlarge it, and to add thereto an equipment for making ice. The Power Company had a franchise from the town of Palisade for the use of its streets and alleys, for pole lines, etc.

The deed of trust was dated May 1st, 1907, and conveyed to the Trust Company, as trustee, a tract of land upon which

the light plant was situated, "also the following described personal property:

1 60x18 Mine & Smelter Supply Company boiler, together with all equipment and settings.

1 13x12 Automatic cut-off Ball engine with equipment and foundation.

1 National 50 K. W. 2200 volts—60 cycle—3 phase generator No. 1305 with equipment and foundation.

1 National direct current—60 volt exciter.

1 Belt connecting engine with generator.

1 Belt connecting generator with exciter.

1 Marble switchboard and all instruments and connections thereto attached.

1 Water tank with foundation and frame work.

1 Worthington duplex feed pump.

1 Water heater.

All tools, instruments, supplies, stocks, dies, cletes, rosetts, apparatus, appliances, pipe and paraphernalia of every kind and description situate in or about the premises hereinabove described."

Then, beginning with the words "Also all poles," follow three paragraphs enumerating generally tools, machinery, supplies, etc., and the franchise granted by the town of Palisade,

"And also the following described personal property contracted for by the grantor herein and to be installed as an artificial ice manufacturing plant upon the real property hereinbefore described, on or about the first day of June, 1907, to wit:"

Then follows a list of the ice-making appliances, etc. The deed continues,

"Also that certain building to be erected for the accommodation of the aforesaid ice-making machinery.

Being all of the above described real and personal property, consisting and intended to constitute all of the property

now owned, held or possessed by said company. Also all property, real and personal, hereafter owned or acquired by said company."

On October 8, 1910, the power company being indebted to the Hendrie & Bolthoff Manufacturing and Supply Company, one of the defendants in error, in the sum of over $6000.00 gave to it a chattel mortgage on all its property, except the real estate and buildings, to secure certain promissory notes to the amount of said debt.

On the same day the supply company secured a transfer to certain of its employes, of all of the capital stock of the power company, and took over the management of the plant. Six months later, on maturity of the notes, and default in their payment, the chattel mortgage was foreclosed, and the property covered thereby was bought in by the mortgagee.

Later a new corporation, The Palisade Service Company, one of the defendants in error here, was formed by or in the interest of the supply company; a tract of land adjacent to the old plant was purchased by it, a building erected thereon, and substantially the entire equipment of the power company's plant transferred thereto.

The trust company seeks to impress upon the equipment thus transferred the lien secured by the deed of trust, and have the benefit thereof in the foreclosure proceeding.

The service company and the Hendrie and Bolthoff Manufacturing and Supply Company contend that the foreclosure of the chattel mortgage gave to the purchaser at the foreclosure sale, under whom they claim, an unencumbered title to the property covered by that mortgage.

They assert that the deed of trust was a chattel mortgage as to the property listed in it as personal property, but, they say, it was not acknowledged as chattel mortgages are required to be; and further, being for a debt in excess of $2500.00, a statement under oath, such as the statute requires of such mortgages to be filed, should have been filed,

but was not.  For these reasons, it is said, it was void as to the chattels.  Hence, they assert, the chattel mortgage of October 8, 1910, was valid, and their title under it is good.

To the claim of the trustee that these articles all constituted a part of the the plant, and are therefore a part of the realty, these defendants in error reply that, the articles having been named in the deed of trust as personalty, the trust company is estopped to deny that they are such.

They further contend that, in any event, these articles having been severed from the realty, the trustee may either recover damages for their conversion, or recover the articles by an action in replevin, hence it cannot maintain a suit in equity as to these articles.

· This presents the inquiry whether or not the language of the deed is such a recital as estops a party to it from denying that the articles named under the head of personal property were, under the circumstances of this case, personalty.

Not every statement in a deed or contract binds parties to it by way of estoppel.

To render a statement effective as an estoppel it must appear that it was made of some matter which is thus settled as a fact.

"A recital as a rule does not raise an estoppel.  To give it that effect it must show that the object of the parties was to make the matter recited a fixed fact." *Hays v. Askew*, 50 N. C. 63.

Recitals which are general, and not contractual, merely descriptive, are not binding.  *Muhlenberg v. Druckenmiller*, 103 Pa. St. 631.

To be binding the recital must be of matter material to the purpose of the instrument. *Reed v. McCourt*, 41 N. Y. 435.  The rule does not extend to that which is mere description, or an averment which is not essential, and the doctrine

has always been construed with great strictness.   *Osborne v. Endicott*, 6 Cal. 149.

These qualifications of the rule grow out of the general principle that

"The estoppel is limited by the intention of the parties, and whether one party or the other or both are estopped by a recital depends upon their intent as manifested by the deed." 16 Cyc. 700.

In determining from the deed of trust what was the intent of the parties, as to the statement in question, we may consider the circumstances under which the deed was made.

· The record shows that the deed was prepared by Mr. Webb some weeks prior to its execution, and that at the time of its preparation the power company was preparing foundations for the heavy machinery which was to be set in the new building erected for the purpose of containing the light plant, and the ice plant; that the property designated as personalty in the deed was, in part, in the course of removal from its former location in Palisade to the new location, and, in part, in transit from the eastern points where it had been purchased.

This is a reasonable explanation of the separate enumeration of the pieces of machinery which were to constitute, when in place, together with the land and building, a light plant, and an ice plant.   The listing was necessary to the purpose of the deed, but the designation of the named articles as personalty was without any substantial reason. The term was evidently used as descriptive of the property as it was at the time the deed was made, but the conveyance would have been as effective had the articles been described without mentioning them as personal property.

From the term thus used no intent can be inferred to classify those articles as not forming a part of the security conveyed as realty.

This consideration is strengthened by reference to the

list in which several of the articles named as personal property are connected in the description with their "settings" or "foundations." Clearly, foundations, in this case shown to have been masses of concrete set deep in the ground, could not reasonably have been considered personalty in a structure where they were intended for permanent use.

There is, then, in the recitals nothing to indicate that the parties intended to declare these articles personal property, to be treated as separate from other parts of the plant.

Defendants in error place some emphasis on the fact that the deed of trust bears on it the words "Chattel mtg."; but Mr. Webb testified that it was not, according to his recollection, so indorsed when delivered, and there is no evidence as to when or by whom the words were written. They therefore have no evidentiary value.

Moreover, the deed itself provides that

"all matters recited herein shall be deemed to be the statements of the company, and not the trustee."

There is nothing in the deed, nor in the conduct of the parties which suggests that the instrument was intended to be both a real estate and a chattel mortgage.

On the contrary, from the fact that it provides for a lien upon a complete plant,—a unit;—that it gives the trustee, in case of default in any of the covenants to be kept by the company, authority to operate the plant as a whole, but not to take possession of it, or to sell any part thereof; that the security is made available only by foreclosure and judicial sale, and that it was not treated as a chattel mortgage, or acknowledged as such, the reasonable inference is that it was regarded as a mortgage of realty only.

Hence the plaintiff in error is not estopped from claiming that the equipment is covered by an existing and valid lien created by the deed of trust.

Applying to the facts of this case the law as laid down in *Gibson v. McNichols,* 51 Colo. 54, 116 Pac. 1041, the ar-

ticles in question were fixtures, and a part of the realty. The court there said, citing authorities therefor:

"When a building is erected for a particular purpose, and machinery placed therein reasonably necessary to effectuate that purpose, and in some substantial manner attached to such building, it becomes a part of the realty."

There the court held that the purpose was to construct a concentration plant, which included the mill building and the machinery necessary to its operation.

So, in this case, the parts alleged to be personalty, were necessary to a completed whole. They were essentials of the plant, and must have been intended to form a permanent part of it; hence they became a part of the realty.

The second question presented is as to the right of the plaintiff in error to have the lien of the deed of trust impressed upon the equipment which was removed.

It is urged that the proper action is trover or replevin.

As to this it may be said that a lien-holder can recover in trover only when he has an immediate, absolute, and unconditional right of possession at the time of the conversion. It is not enough that he has the right to take possession on some future day. *Frink v. Pratt*, 130 Ill. 327, 22 N. E. 819; Cooley on Torts p. 445.

Replevin, being a possessory action, is not available to the plaintiff in error, because it did not have possession, nor right of possession of the articles when they were removed, nor has it the right now.

The trustee, when the purchaser at the chattel mortgage sale on foreclosure took possession of the equipment, had only a lien, and could resort to neither of the actions suggested.

A court of equity is the only proper tribunal for enforcing such liens, in the absence of statutory provisions for other methods of enforcement; and, it has jurisdiction regardless of what rights the lienor may have in a court of law.

*Tinsley v. Durfey,* 99 Ill. App. 239.   Where a plaintiff has a lien on property taken and converted by a sale, he may in equity follow the property, and have his lien fixed upon the proceeds of the sale, if his lien on the property has been destroyed.  *Judge v. Curtis,* 72 Ark. 132, 78 S. W. 746.

This action is proper, therefore, as to all the property covered by the deed of trust, which we hold to be all that was enumerated, and which formed a part of the completed plant or which was acquired and made a part of the plant, after the deed of trust was delivered, including both generating and distributing systems, as well as the franchise.

We must not, however, be understood as holding that a lien-holder may not, in proper cases, recover damages for injuries to his security.

It is objected that this court cannot, under its established practice, reverse this judgment, because in so doing it would overturn the findings of the trial court made on conflicting evidence.

As to the features of the case upon which this decision rests, there is no conflict of evidence.

The court below held that, as a matter of law, the plaintiff in error was estopped to deny that certain articles were personalty, and, therefore, they were found by the court to be subject to the chattel mortgage of October 8, 1910.  That was, in our view, an error of law, because of which a wrong judgment was rendered.

For reasons above stated the judgment is reversed and the cause remanded, with directions that such further proceedings be had as may be in harmony with the foregoing opinion.

CHIEF JUSTICE GABBERT and Mr. JUSTICE HILL concur.

Decided November 1, A. D. 1915.   Rehearing denied January 3, A. D. 1916.