## William Harvey v. Sarah Hampton.

1. LANDLORD AND TENANT—*Landlord Has a Lien on Crops for Payment of Rent.*—A landlord has a lien upon the crops growing or grown upon the demised premises for the rent thereof, whether the same is payable wholly or in part in money or specific articles of property or product of the premises, or labor, and also for the faithful performance of the terms of the lease, and such lien continues for the period of six months after the expiration of the term for which the premises are demised.

2. SAME—*Nature of the Lien.*—Such lien is created by the law and does not arise from the levy of a distress warrant. It is paramount to the lien of an attachment, and can be lost only by waiver or failure to enforce it at the proper time. It is not defeated by a sale of such crop or any portion thereof by the tenant to a person who has notice of the fact of the tenancy, and that it was grown upon the demised premises, but the landlord may enforce his lien upon such crops against such purchaser. The lien attaches from the time of the commencement of the growth of the crop whether the rent is then due or not. If the purchaser knows that the crop is grown upon rented premises this will be sufficient to put him upon inquiry as to the existence and extent of the landlord's lien for unpaid rent.

Trespass on the Case.—Appeal from the County Court of Knox County; the Hon. P. S. POST, Judge presiding. Heard in this court at the April term, 1903. Affirmed. Opinion filed June 8, 1903.

SHUMWAY & RICE, attorneys for appellant.

A. K. HARDY, attorney for appellee.

When the purchaser of grain from a tenant knows the fact of such tenancy, and that his vendor, as such tenant, had raised the grain on the demised premises, or has knowledge of facts sufficient to put a reasonably prudent man upon inquiry as to existence of a landlord's lien, such person will be liable to the landlord for the reasonable value of the grain so bought, up to the amount of the

unpaid rent.  Carter v. Andrews, 56 Ill. App. 646; Reinhardt v. Blanchard, 78 Ill. App. 26; Watt v. Scofield, 76
Ill. 261; Prettyman v. Unland, 77 Ill. 206; Cunnea v. Williams, 11 Ill. App. 78.

A landlord's lien extends to entire crops grown and
growing on the demised premises and attaches from the time
of the commencement of their growth.  Watt v. Scofield,
76 Ill. 264.

A landlord's lien is paramount to all other liens and is lost
only by a failure to enforce in time.  Thompson v. Mead,
67 Ill. 395.

MR. JUSTICE BROWN delivered the opinion of the court.

Appellee rented her farm for the year ending March 1,
1902, to James Morse for $600.  One-half of the rent was
payable January 1, 1902, and the residue, March 1, 1902.
In the fall of 1901 appellant bought corn of Morse and
paid him therefor in December, 1901, the sum of $268.50.
Appellant at the time of the purchase knew Morse was the
tenant of appellee and that the corn was grown upon the
rented premises.  Appellant at the same time inquired of
Morse as to the rent and was informed that $300 would be
due January 1, 1902.  Morse paid the $300 due in January,
but failed to pay the installment falling due March 1, 1902.
Appellee had no knowledge of the sale of the corn at the
time it was sold or payment therefor was made.

Appellee's claim is based upon the right to a statutory
lien upon the corn.  Her recovery in the court below was
for the market value of the corn, which is conceded to be
$268.50.

The statute provides that every landlord shall have a
lien upon the crops growing or grown upon the demised
premises for the rent thereof, whether the same is payable
wholly or in part in money or specific articles of property
or products of the premises, or labor, and also for the faithful performance of the terms of the lease; and that such lien
shall continue for the period of six months after the expiration of the term for which the premises are demised.

The statute gives a landlord a lien upon the crops grow-

Harvey v. Hampton.

ing or grown upon the demised premises, in any year, for
the rent that shall accrue for that year. The lien is not
confined to any particular crop but embraces all the crops,
or any portion of them. It is created by the law and does
not arise from the levy of a distress warrant. It is para-
mount to the lien of an attachment, and can be lost only by
waiver or failure to enforce it at the proper time. (Thomp-
son v. Mead, 67 Ill. 395.) The statutory lien given a land-
lord upon the crops growing or grown upon the demised
premises in any year, for the rent that shall accrue for such
year, is not defeated by a sale of such crop or any portion
thereof by the tenant to a person who has notice of the fact
of the tenancy, and that it was grown upon the demised
premises, but the landlord may enforce his lien upon such
crops against such purchaser. The lien attaches from the
time of the commencement of the growth of the crop,
whether the rent is then due or not. If the purchaser
knows that the crop is grown upon rented premises this
will be sufficient to put him upon inquiry as to the existence
and extent of the landlord's lien for unpaid rent. (Watt v.
Scofield, 76 Ill. 261.) In the case last cited the court said:

"We can not accede to appellee's construction of the
statute, that the landlord's lien does not attach until the
time when the rent becomes due and payable. * * *
This would operate to give no security upon the crops for
the rent until after it had become due, whereas the statute
gives the lien upon the crops 'growing or grown' for rent
that 'shall accrue' for the year. We think the statute
gives security upon the crops for the rent, and that it
attached from the time of the commencement of their
growth."

A purchaser of grain grown by a tenant, upon which the
landlord has a lien for rent, with knowledge of that fact,
and that the rent is not fully paid, will be liable to the
landlord for the rent due, to the extent of the value of the
grain purchased by him. (Prettyman v. Unland, 77 Ill.
206.)

Appellant contends that he should not be held liable in
this case for the reason that when the tenant paid the
January installment of rent, which was subsequent to the

sale of the corn, there remained upon the premises sufficient quantities of the crops grown that year to secure the payment of the rent falling due in March. These remaining crops were afterward sold by the tenant without the knowledge or consent of appellee, and so reduced the available security arising from the whole crop as to render it necessary for appellee to look to some one or more of the purchasers to make her demand for the unpaid rent. It is argued that appellee, under these circumstances, should be compelled to look to the subsequent purchasers for her remedy, and that appellant should be exempted from liability. The position is untenable. The statute gives a lien upon all of the crops for the rent of the whole year, and appellee was not required by the law to pursue any of the purchasers to the exclusion of others. She had the right to sue any or all of the parties against whom the law gave her a cause of action, and to thus pursue her remedy till her claim was satisfied, not exceeding, however, in her recovery against any purchaser, the market value of the crops purchased by him.

Appellant has not argued the question of the refusal of certain instructions offered by him upon the trial. The correctness of the action of the trial court in refusing the same is therefore not before us for determination. If the refusal was error it is waived.

We are of the opinion that the law and evidence entitled appellee to the judgment recovered in the Circuit Court. It is therefore affirmed.