In re KINNEY.

(Circuit Court of Appeals, Third Circuit. January 18, 1905.)

JUDGES—POWERS OUT OF COURT—IRREGULARITY IN PRESENTATION OF MOTION.
 A judge of the Circuit Court cannot properly take action in a cause pending therein on a motion sent him through the mail, and not filed with the clerk as required by the rules of the court; and the delivery by him to the clerk of a motion and papers in support thereof so received by him, with directions to notify counsel of the rule, was a proper disposition of the same.

Petition for Writ of Mandamus or Writ of Certiorari. Sur rule to show cause.

Robert D. Kinney, in pro. per.

Before ACHESON and GRAY, Circuit Judges.

ACHESON, Circuit Judge. It appears from the answer of the Honorable George M. Dallas to the rule to show cause granted by this court, and also by original papers accompanying the answer, that on September 26, 1904, the respondent received by mail a let-

ter from the petitioner, Robert D. Kinney, inclosing the motions in writing and affidavits mentioned in his petition, and that soon after the receipt of the letter the respondent indorsed upon the envelope the following memorandum:

"Sep. 26, 1904, the within letter, motions and affidavits are placed in custody of the Clerk of the Circuit Court, who is directed to notify the plaintiff and counsel for the defendants that consideration and action upon such motions cannot be taken upon correspondence with a judge of the court. Rule 16 appears to be applicable. Geo. M. Dallas, Cir. Judge."

The envelope and its contents were then handed by the respondent to Henry B. Robb, deputy clerk of the Circuit Court.

Section 1 of the rule of the Circuit Court No. 16 is as follows:

"All motions made by counsel shall be in writing and be delivered to the clerk to be entered on the minutes and filed; the date of the filing to be endorsed by the clerk." ·

We think the course which Judge Dallas pursued in this matter was entirely right. It was irregular to send to him by mail motions for judgment and affidavits in a cause pending in the Circuit Court. He could not properly take judicial action upon motions sent to him by the plaintiff in a cause through the mail. He made, it seems to us, a most proper disposition of the papers by placing them in the hands of the deputy clerk of the Circuit Court, with the above-quoted direction indorsed upon the envelope containing the papers. The petitioner should have proceeded under rule 16, and should have called up his motions for judgment in open court, or before a judge sitting at chambers. We discover no ground whatever for granting a writ of mandamus or a writ of certiorari.

The rule to show cause heretofore granted is discharged, and the prayer of the petition is denied.