[Civil No. 2300.    Filed June 19, 1925.]

[237 Pac. 192.]

## WESTERN STATES SECURITIES COMPANY, a Corporation, Appellant, v. HATTIE L. MOSHER, Appellee.

1. SALES—CONDITIONAL SALES CONTRACT RECOGNIZED AS VALID UNDER CODE.—Conditional sales contracts of personal property, under which possession is delivered to buyer, and the title is reserved in seller till property is fully paid for, have long been recognized as valid and expressly sanctioned by adoption of Uniform Sales Act.

2. LANDLORD AND TENANT—SALES—EFFECT OF ASSIGNMENT STATED; PROPERTY CONDITIONALLY SOLD BY TENANT NOT SUBJECT TO LANDLORD'S LIEN WHERE TITLE RESERVED IS ASSIGNED TO ANOTHER.—Where tenant company made conditional sale of car from its stock, and then assigned and transferred its right, title, and interest in sales contract to another, the car was no longer its property, but that of transferee, to be disposed of as provided in Uniform Sales Act, and was not subject to statutory lien of landlord under Civil Code of 1913, paragraph 3671, though upon tenant's premises when seized.

---

1.  See 24 R. C. L. 739.

2.  See 24 R. C. L. 478.

3. LANDLORD AND TENANT—LANDLORD'S STATUTORY LIEN WAIVED AS
   TO ARTICLES SOLD IN USUAL COURSE OF BUSINESS.—Where auto-
   mobile dealer in selling automobiles carries on business for which
   he leased premises, landlord's lien under Civil Code of 1913, para-
   graph 3671, will not be enforced against property of tenant sold
   in usual course of business and removed from the premises, land-
   lord having expressly or impliedly waived lien thereon.

---

See (1) 35 **Cyc.**, p. 664 n. 99.   (2) 36 **C. J.**, p. 510, n. 85; 35
**Cyc.**, p. 669, n. 24.   (3) 36 **C. J.**, p. 510, n. 85.

APPEAL from a judgment of the Superior Court
of the County of Maricopa.   Fred C. Struckmeyer,
Judge.   Judgment reversed and cause remanded
with instructions to enter judgment in favor of appel-
lant.

Mr. Scott L. Norviel and Messrs. Kibbey, Bennett,
Gust & Smith, for Appellant.

Messrs. Chalmers, Stahl, Fennemore & Longan and
Mr. T. G. Nairn, for Appellee.

ROSS, J.—This case involves the right of the lessor
to claim a landlord's lien upon an automobile brought
upon the premises by a tenant as stock in trade and
sold therefrom under a conditional sales contract.

The facts in detail are that Eisenhour-Bradley Mo-
tor Company, a copartnership, was a subtenant of
appellee, Hattie L. Mosher, engaged in selling auto-
mobiles from the rented premises.   On March 9, 1923,
a used Cleveland automobile was brought upon the
premises by the tenant, where it remained until
March 13th, when it was conditionally sold to Fred
Jones and R. E. Harrell for $924.07.   The purchasers
paid $340 cash, and for the balance gave their several
notes due at future dates.   The conditional sales con-
tract, of the usual form and content, was drawn up

---

3. Landlord's lien on property sold conditionally to tenant, see
note in 9 **A. L. R.** 322.

between the seller and the purchasers of the car, and, among other things it provided that the title of the car should remain in seller or his assigns until it was fully paid for; and it also empowered the seller or his assigns to take possession of car in default of payment of notes when due. On the day of the sale the Eisenhour-Bradley Motor Company, for a valuable consideration, assigned and transferred the conditional sales contract, the property covered by it, and the notes to the appellant, Western States Securities Company and in said assignment authorized the Securities Company to collect and discharge the debt. The conditional sales contract and the assignment thereof constituted but one instrument, which was, on March 20th, duly recorded in the office of the county recorder of Maricopa county. The car was immediately delivered to Jones and Harrell, who removed it from the premises, and kept it until July 14, 1923, when it was returned to the Eisenhour-Bradley Motor Company for storage, subject to the orders of the Western States Securities Company. When so returned to the premises and into the possession of the Eisenhour-Bradley Motor Company, the lessor of the premises, Hattie L. Mosher, took possession of the car and refused to deliver it to the appellant, claiming she was entitled to a landlord's lien thereon under paragraph 3671 of the Civil Code of 1913.

These, we think, are the material facts.

The Securities Company brought an action in replevin claiming the car as purchaser from the Eisenhour-Bradley Motor Company, and appellee, Mosher, defended under claim of lien for rent. The case was tried to the court without a jury and the judgment entered sustained the claim of landlord's lien, foreclosed it, and ordered the car sold in satisfaction of the rent. The plaintiff appeals.

But one question is presented, and that is the one stated at the beginning of this opinion. The above

statute (paragraph 3671) provides that the "landlord shall have a lien on all the property of his tenant not exempt by law, placed upon or used on the leased premises until his rent shall be paid, . . . but no property of any other person, although the same may be found on the premises," is liable for such rent. It is the contention of appellant that it purchased the notes, the conditional sales contract, and the property covered by such contract, when on March 13th the assignment was made by the Eisenhour-Bradley Motor Company to it and that from that day it was the absolute owner of car. The appellee must necessarily contend that the Eisenhour-Bradley Motor Company was the owner of car when in July she seized it for rent, for, under the statute "no property of any other person" than the tenant's is liable for the rent of premises.

Conditional sales contracts of personal property, under which possession is delivered to the buyer and the title reserved in the seller until property is fully paid for, have long been recognized as valid, and our legislature has expressly sanctioned such contracts in the adoption of the Uniform Conditional Sales Act (chapter 40, Laws 1919). Therefore, when the Eisenhour-Bradley Motor Company delivered the possession of automobile to Jones and Harrell, it did not part with the title; it remained the owner of the thing conditionally sold, with the right to alienate such property, subject to the right of the buyer to complete his contract of purchase. On the day of sale to Jones and Harrell the Eisenhour-Bradley Motor Company did, in the words of the assignment, "sell, assign, and transfer to the Western States Securities Company its right, title, and interest in and to the within conditional sale agreement, and the property covered thereby, together with notes mentioned therein. . . . " One of the highest prized incidents to the ownership of property is the right to

sell it, to convert it into money, to traffic with it, and this right may be freely exercised when not in violation of some policy of the state or some individual right. There is no apparent reason to be urged against the validity of the sale to the appellant, nor do we think any other meaning can be ascribed to the assignment than an outright sale. *Van Marel* v. *Watson, ante,* p. 32, 235 Pac. 144. The effect of just such an assignment by the seller of an automobile, who reserved title in himself until it was paid for, was passed upon in *State Bank* v. *Johnson,* 104 *Wash.* 550, 3 A. L. R. 235, 177 Pac. 340, and the holding of the court, as stated in the headnote (3 A. L. R.), is as follows:

"An assignment by one who has reserved title to an automobile, under a conditional sale contract, of all right, title, and interest in the purchase money note and memorandum of conditional sale, transfers the right to retake possession of the machine under the contract, and is not a mere election to look to the purchaser for payment, although the assignment guarantees the payment and fulfillment of the contract."

The rule of this case was approved in the later cases of *Bank of California* v. *Danamiller,* 125 Wash. 255, 36 A. L. R. 753, 215 Pac. 321, and *Rodecker* v. *Jannah,* 125 Wash. 137, 215 Pac. 364. See, also, *Van Marel* v. *Watson, supra,* where this court said:

"Whatever title the sellers retained became thereby [that is, by a transfer] as much the property of the assignee as did the note."

Under the terms of the contract of assignment from the Eisenhour-Bradley Motor Company to the Securities Company, if language is to be given its ordinary and legal import, the former parted with all its right, title, and interest in the paper instruments assigned, as also the property covered thereby, and

the latter became the purchaser and owner thereof. As is said in *Martin* v. *McAvoy,* 130 Wash. 641, 228 Pac. 694:

"Where contracts, such as those involved and the notes, are each embodied in one instrument, the vendor in the conditional sale contract, reserving title until the contract price is fully paid, may sell and transfer its title, and the intention to do so is manifested by the written indorsement on the instrument, transferring all the vendor's right, title, and interest in and to the same."

The automobile, then, at the time plaintiff seized it for rent was not the property of the tenant, but the property of the appellant, to be disposed of in the manner provided in the Uniform Conditional Sales Act (chapter 40, Laws 1919). The automobile, although on the premises at the time it was seized by the appellee, was not the property of the tenant, and therefore not subject to the landlord's lien.

Under the statute, the landlord's lien may be waived. And when an automobile dealer (as Eisenhour-Bradley Motor Company was) is daily exposing for sale and selling automobiles from the premises—in other words, carrying on the business for which the premises were rented, in the manner contemplated in lease contract—the landlord's lien will not be enforced against property after it has been sold in the regular trade and removed from the premises because of the express or implied waiver thereof by the landlord. The rule in that regard is stated in volume 1 of Jones on Liens, 3d ed., section 581, as follows:

"A lien upon a stock of goods kept as merchandise upon the leased premises is displaced by sales in the usual course of trade, if the goods are delivered to the purchasers and they remove them from the leased premises. The lien in such case is upon the chattels in bulk, or upon the stock in mass, and not in detail. Business could not be safely carried on unless goods

sold and delivered in the usual course of business became discharged of the lien.''

The rule as thus announced is not in conflict with the decisions of this court in *Murphey* v. *Brown,* 12 Ariz. 268, 100 Pac. 801, and *Friedman* v. *Murphey,* 14 Ariz. 42, 124 Pac. 654, as the question involved in those cases was as to the right of a landlord's lien upon the stock *en masse* and not in detail, and the decisions were necessarily confined to that fact. So we conclude that, even though appellee's landlord's lien did attach to the automobile when it was placed on rented premises in March, such lien was lost when it was sold and removed from the premises, at least so far as the purchasers' interests were concerned.

Under the facts of this case it is not necessary for us to determine whether, upon the return of the automobile to the rented premises, the landlord's lien was reinstated, since before that date the tenant had sold and transferred all its right, title, and interest therein to the Western States Securities Company.

It follows that the judgment of the lower court was erroneous, and should be reversed. It is accordingly so ordered, with directions that the cause be remanded and judgment entered in favor of the appellant.

McALISTER, C. J., and LOCKWOOD, J., concur.