## BENJAMIN S. PRETTYMAN

*v.*

## E. J. UNLAND et al.

1. LANDLORD'S LIEN—*liability of purchaser from tenant to landlord.* A purchaser of grain raised by a tenant, upon which the landlord has a lien for rent, with knowledge of that fact, and that the rent is not fully paid, will be liable to the landlord for the rent due, to the extent of the value of the grain purchased by him.

2. SAME—*instruction as to notice of the lien.* In an action by a landlord against purchasers of grain from his tenant, upon which the landlord had a lien for rent, where it appeared that the defendants knew the grain was raised on land rented of the plaintiff, the latter asked the court to instruct the jury "that the notice of the lien of the plaintiff upon the

crops of his tenants need not necessarily be in writing," and that if they believed, "from the evidence, that the defendants knew that H (the tenant) rented from the plaintiff the land whereon the grain in controversy was raised, and neglected and failed to inquire into the facts regarding the plaintiff's lien thereon, to the *extent that reasonably prudent men* should, under the circumstances, do, then" they should find for the plaintiff, which the court refused: *Held*, that the instruction should have been given.

3. SAME—*lien by agreement on crop for prior year's rent.* Where a tenant gave to his landlord, by his written indorsement on his lease for the year 1872, a lien on the crops to be raised for that year, for the rent which he owed on the same premises for the preceding year, it was *held*, that, as between the landlord and tenant, the former had a lien on the crops grown in 1872 for the unpaid rent of 1871, as well as for that of 1872, but the lien for 1871, being only a conventional one, could not affect a purchaser from the tenant without notice of its existence, but that actual notice must be shown, to affect him; and that knowledge of the tenancy, that the crop was raised on the land in 1872, that the rent of 1871 was unpaid, and that the landlord claimed the entire crop, would not suffice.

4. SAME—*lien extends to the entire crop raised.* The landlord's lien extends over the entire crop raised in any year, for the rent of such year. Therefore, where a tenant delivered the landlord his share of the oats raised in the year, but made default in paying the rent on the premises planted in corn, it was *held*, that the landlord had a lien on the remainder of the oats for the corn rent.

5. SAME—*right of action against purchaser.* Where a person purchased grain of a tenant, with notice of the landlord's statutory lien for rent due, and the landlord brought an action against him, it was contended that, as by the statute the right to destrain was limited to six months after termination of the lease, and as no such proceeding was commenced against the tenant within that period, therefore, the landlord had lost his lien, and his only remedy was by action against the tenant, but it was *held*, that the point was not tenable.

APPEAL from the Circuit Court of Tazewell county; the Hon. LYMAN LACEY, Judge, presiding.

This was originally two separate suits, brought by the appellant against the appellees, the one being an action of assumpsit and the other trover. By agreement, they were consolidated in the court below. On a trial, judgment was rendered in favor of the defendants, and the plaintiff appealed.

Mr. B. S. PRETTYMAN, *pro se.*

Mr. JOHN B. COHRS, for the appellees.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

These two suits, one in trover, and the other in assumpsit upon the common counts, were brought by Prettyman, plaintiff, January 14, 1874, to recover against the defendants for sundry quantities of grain alleged to have been sold and delivered to them by one Hartly, the tenant of plaintiff, and claimed to have been at the time subject to the plaintiff's lien upon it as landlord, for rent. The suits were consolidated by the court below, and a verdict and judgment rendered in favor of defendants. Plaintiff appealed from the judgment.

It appeared that plaintiff had leased to George Hartly certain lands, for the years 1871, 1872 and 1873, each term being for one year, and commencing March 1 in each of said years respectively, at the rent of fifteen bushels of corn per acre for the land put to corn, and one-third of the small grain raised.

The corn rent was to be paid to plaintiff, in Manito, in this State, when desired by him, after January 1 of each year succeeding the commencement of the term, and the small grain immediately after harvest. Defendants were grain dealers at Manito.

About January 1, 1873, plaintiff called on defendants, and gave them a list of his tenants, who were to deliver their rent grain for 1872, to defendants, for plaintiff, among whom was George Hartly—plaintiff having for years before been engaged in leasing lands, and having his rents delivered to defendants.

Plaintiff, at the time of giving such list, informed defendants that he claimed, as rent from Hartly, all the corn he had raised. In March, 1873, Hartly delivered to defendants 2475 bushels of corn, saying that 1300 bushels of it was for the plaintiff, and that it was all the rent he owed plaintiff for

1872. These 1300 bushels, only, plaintiff has received, and he claims that he had a lien on the whole amount of 2475 bushels delivered to defendants, and that they are liable therefor.

It appears satisfactorily that, at the time of the delivery of the corn to defendants, in March, 1873, there were due to the plaintiff 2665 bushels of corn rent—1440 bushels of it for the year 1872, and 1225 bushels for the year 1871.. It appears that, in December, 1872. defendants bought of Hartly 2000 bushels of corn at twenty-three cents per bushel, and advanced him on it $275 cash, the corn not being then delivered, but to be delivered in the winter following.

Our Landlord and Tenant act, in force at the time of this transaction, provided that "every landlord shall have a lien upon the crops grown or growing upon the demised premises, in any year, for rent that shall accrue for such year"—and this whether the rent be payable in money or in any part of the products of the demised premises.

This corn, then, purchased by defendants, having been grown upon the demised premises in the year 1872, the landlord had a lien upon it for the rent of that year, and of such rent there yet remains due and unpaid 140 bushels of corn. By reason of his lien upon the corn for this unpaid rent of 1872, plaintiff claims a liability of the defendants to the amount of such unpaid rent.. Defendants claim exemption from liability by reason of their contract of purchase in December, and the advance of $275.

The court below gave this instruction to the jury:

"The court instructs the jury that if they believe, from the evidence, that the defendants purchased the grain raised on the land rented by Hartly from Prettyman, with notice of the lien of plaintiff thereon as landlord of said Hartly, then the jury should find for plaintiff, the lien extending to the crop grown for that year."

The following instruction was also asked by the plaintiff, which the court refused to give, to-wit:

"The court further instructs the jury that the notice of the lien of the plaintiff upon the crops of his tenants need not necessarily be in writing; and if the jury believe, from the evidence, that the defendants knew that Hartly rented from the plaintiff the land whereon the grain in controversy was raised, and neglected and failed to inquire into the facts regarding the plaintiff's lien thereon, to the extent that reasonably prudent men should, under the circumstances, do, then the jury should find for the plaintiff."

In view of the testimony of the defendants, that the corn was raised by Hartly, in 1872, on land he rented of plaintiff, and there being clear evidence of unpaid rent for that year, we think this instruction should have been given. There was sufficient evidence in the case to make the instruction one clearly applicable to the proof. A *bona fide* purchaser is one without notice of a prior claim or incumbrance. *Robinson* v. *Rowan*, 2 Scam. 499. It is the common doctrine that what is sufficient to put a purchaser upon an inquiry, is good notice of whatever the inquiry would have disclosed.

Plaintiff makes further claim to the amount of $428.75 for unpaid rent for the year 1871. That rent was allowed to run over, and on the 14th of June, 1872, Hartly made his written indorsement on the lease for 1872, that in addition to the rent due by the face of that lease, he was to pay plaintiff, on the same terms as that rent was to be paid, the sum of $428.75, being unpaid rent of 1871, and to be paid when the rent of 1872 was due, if not sooner paid.

By the terms of that lease a full lien was created on all the grain that should be grown upon the land, and a much ampler one than that given by the statute. There can be no question that, as against the tenant Hartly, the landlord had a lien on the corn raised in 1872, for the unpaid rent of 1871, as well as for that for 1872.

But there was no statutory lien on the crop of 1872, for the rent of 1871. The lien given by the statute is limited to the crop of that year for which the rent shall accrue. The lien, then, for the unpaid rent of 1871, was only a conventional one. and to affect a purchaser with notice of it there must have been brought home to him a knowledge of the agreement which created such conventional lien. Knowledge of the tenancy, that the crop was grown on the land in 1872, that the rent for 1871 was unpaid, that plaintiff claimed the entire amount of the corn raised by Hartly to be due him for rent, would not suffice.

So far, then, as respects the unpaid rent for 1871, we think the instruction was properly refused, and as to that rent, we see, from the evidence, no ground of recovery against the defendants. Although the lien was good as against the tenant. as one created by his agreement, we see nothing to affect defendants with notice of it; and as against such a lien, created by mere agreement of parties, defendants are entitled to the protection of *bona fide* purchasers without notice.

Another ground of plaintiff's claim is for 253 bushels of oats, purchased by defendants from the tenant, Hartly, in Oct., 1873, raised by him that year upon the demised premises.

One-third of the small grain raised that year was 195 bushels. The tenant delivered to defendants 189 bushels of oats for plaintiff, on account of the rent of the oats raised in 1873, and then took from the premises all the residue of the oats raised thereon that year, (253 bushels.) and sold them to defendants. In October, 1873, Prettyman declared the term ended, for a breach of provisions of the lease, in accordance with a condition therein that the term should end, and all the rent become due, in case of such breach ; and he then issued his distress warrant for the rent for the year 1873, which was levied upon all the grain raised upon the premises that year which could be found, but the oats, which the tenant had delivered to defendants, could not be found to levy upon.

The same remarks are applicable in respect to the oats, as have been made in reference to the corn for the rent of 1872. There was quite an amount of unpaid corn rent for the year 1873. The terms of the lease being, that the tenant was to pay 15 bushels of corn per acre for the land put to corn, and one-third of the small grain raised, appellee seems to suppose that the delivery for plaintiff of one-third of the oats raised satisfied the lien as to the oats, and discharged the residue of them from the lien. But the lien, as given by the statute, is upon the crops grown in any year, for rent that shall accrue for such year—that is, the entire crops are liable for all of the rent; so that the lien upon the oats was as well for the corn rent as for the small grain portion of the rent.

There is nothing in the point made by appellees, that as by the statute the right to distrain for rent is limited to six months after the termination of the lease, and as no proceeding within such time was taken against the tenant to collect the corn rent for 1872, and as the present suit was not commenced till after that time, therefore all right of lien in respect to the corn rent for 1872 is lost, and that plaintiff's only remedy therefor is a personal one against Hartly, the tenant, upon the covenants of his lease. In the spring of 1873, plaintiff sold all of the corn he had in the hands of defendants to them; Hartly, the tenant, having previously delivered to them the 2475 bushels, whatever of that amount was due to plaintiff for the rent of 1872, he is entitled to recover for under such sale.

For the error which has been indicated, the judgment will be reversed and the cause remanded.

*Judgment reversed.*