# John R. Carter v. James O. Andrews.

1. LANDLORD'S LIENS—*Purchasers of Grain.*—Where a person purchases grain from a party known to be the tenant of another, having a lien upon the grain for unpaid rent, or with knowledge of facts sufficient to put a reasonably prudent man upon inquiry as to existence of a landlord's lien, such person will be liable to the landlord for the reasonable value of the grain so bought up to the amount of the unpaid rent.

2. SAME—*Purchasers with Notice.*—A person who buys grain of a tenant with notice of facts from which the existence of a landlord's lien·

for rent arises, does so at his peril, and it is not essential to a recovery by the landlord that such person had notice that the rent was not paid.

**Memorandum.** — Assumpsit. In the County Court of Vermilion County; the Hon. J. G. THOMPSON, Judge, presiding. Trial by jury; verdict and judgment for plaintiff; appeal by defendant. Heard in this court at the November term, 1894, and affirmed. Opinion filed February 11, 1895.

SALMANS & DRAPER, attorneys for appellant.

ALLEN & CHAMBERLIN, attorneys for appellee.

MR. JUSTICE BOGGS DELIVERED THE OPINION OF THE COURT.

The appellant, a grain dealer, in the regular course of business, bought a quantity of corn and oats from one Henry Williamson, a tenant of the appellee. As between the appellee and Williamson, the former had a lien under the statute as landlord upon the grain so sold, for the unpaid rent of the land upon which it was produced. This was an action by the appellee against the appellant to recover the reasonable value of the grain so far as necessary to discharge the amount due for such rent. Judgment below for the appellee and appeal therefrom to this court.

It appeared, without dispute, that the appellant knew when he bought the grain from Williamson that the latter had raised it on a farm belonging to the appellee, and that Williamson occupied and cultivated the farm as a tenant of the appellee. He did not know whether the rent had been paid or not, and did not inquire either of Williamson or the appellee. It was also proven that the appellant, as surety for a former tenant, paid to the appellee the rent upon the same farm for the year immediately preceding. The trial court declared the law applicable to the case in an instruction to the jury as follows:

" The court instructs the jury that if you believe from the evidence that the defendant, Carter, purchased grain from one Williamson, and at the time that Carter purchased the grain he knew that Williamson was the tenant of the plaintiff, and that he knew that the plaintiff had a landlord's lien

upon said grain for unpaid rent, or that defendant, Carter, had knowledge of facts sufficient to put a reasonably prudent man upon inquiry as to whether or not the plaintiff had a landlord's lien upon said grain, then and in such case the defendant would be liable to the plaintiff for whatever the grain he bought was reasonably worth up to the amount of unpaid rent."

We think the instruction correctly embodied the rule governing the case. Watts v. Schofield, 76 Ill. 261; Prettyman v. Unland, 77 Ill. 206; Hunter v. Whitfield, 89 Ill. 229.

This view is not at all in conflict with that entertained by the Supreme Court in Finney v. Harding, 136 Ill. 573. There the buyer of the grain purchased without notice that the seller was a tenant or knowledge of any other fact which ought have charged him with the duty of making inquiry as to the right of the seller to dispose of the property. It was not necessary in the case at bar that the appellant should have had notice that the rent was unpaid. He had notice of facts which, under the statute, created a lien in favor of the appellee upon the grain, and it became incumbent upon him before buying to exercise reasonable diligence to know whether the lien had been discharged. For this reason the court properly refused the instruction No. 1 asked by appellant. The law did not impose upon the appellee the duty of notifying the appellant that the rent was unpaid, and there was no evidence tending to show that he ought, under the facts of the case, have given such notice. Therefore instruction No. 2 asked by the appellant should have been, as it was, refused.

The effect of instruction No. 3, asked by appellant, was to relieve him of liability if he did not know or have notice that the rent was unpaid. He had notice of facts from which the existence of a lien for the rents arose. His purchase with such notice was at his peril, and it was not essential to a right of recovery that it should further appear that he knew or had notice that the rent had not been paid. Hence, that instruction was properly refused. We have read the evidence preserved in the record and find it sufficient to uphold the verdict. The judgment is affirmed.