Harris v. Wemple.

---

## James M. Harris v. F. H. Wemple et al.

1. CHATTEL MORTGAGES—*When Fraudulent in Law.*—A provision in a chattel mortgage that the mortgagor may retain possession of the mortgaged property and keep and use the same, when the property is of such a nature that it will necessarily be consumed and destroyed by any legitimate use which may be made of it, renders the mortgage fraudulent as a matter of law, and void as to third persons.

2. SAME—*Provisions not Executed, Unavailing.*—The fact that the mortgagor has not exercised the right to use the mortgaged property, where such use necessarily implies the consumption of the same, is of no avail to relieve the mortgage of the legal imputation of fraud.

Voluntary Assignments.—Appeal from the County Court of Sangamon County; the Hon. CHARLES P. KANE, Judge, presiding. Heard in

this court at the May term, 1895. Affirmed. Opinion filed December 6, 1895.

### STATEMENT OF THE CASE.

Appellant held a chattel mortgage, given by one Charles E. Reynolds, on ten horses, a cow and heifer, 1,800 bushels of corn, 340 bushels of oats and divers farming implements.

Appellees were creditors of Reynolds and claimed liens upon the property superior to the mortgage lien.

The County Court upheld appellant's lien upon all the mortgaged property except the corn and oats, and as to those articles, held the mortgage fraudulent and void as to creditors.

This ruling was based upon the construction given by the court to the following clause in the mortgage, viz.:

" And provided also, that it shall be lawful for said mortgagor, executors, administrators and assigns, to retain possession of the said goods and chattels, and at his own expense to keep and use the same until he or his executors, administrators or assigns, shall make default in the payment of the said sums of money above specified, either in principal or interest, at the time or times and in the manner hereinbefore stated."

The appellant by this appeal questions the correctness of the judgment of the court as to the corn and oats.

CONNOLLY & MATHER, attorneys for appellant.

CONKLING & GROUT, attorneys for appellees.

MR. JUSTICE BOGGS DELIVERED THE OPINION OF THE COURT.

Corn and oats, it is manifest, will be consumed and destroyed by any use that may be made of them.

In Illinois, a provision in a chattel mortgage giving the mortgagor power to retain possession and dispose of the mortgaged property at his pleasure, renders the mortgage fraudulent as a matter of law, and void as to third persons.

Power to dispose of mortgaged property is as effectually given by a provision which empowers the mortgagor to

consume and destroy it by use as by one which authorizes him to dispose of it by bargain and sale, and each is equally obnoxious to the policy of our law, relative to such securities.

The fact that the mortgagor did not exercise the power except to the extent of feeding the corn and oats to the mortgaged stock, can not avail to relieve the instrument of the legal imputation of fraud.

This imputation arose because the mortgage reserved to the mortgagor an unlawful power to use and dispose of the property. Whether the mortgagor exercised this power in whole or in part was wholly inconsequential.

Perhaps authority to use mortgaged grain by feeding it to stock covered by the same mortgage, would not render the mortgage objectionable as matter of law. Whether it could amount to a fraud in fact would be a question dependent upon the circumstances of the particular case. But unlimited power to use property which must be consumed by use can only be regarded as a fraud in law as against third persons in Illinois.

In Indiana and other jurisdictions where the legal imputations of fraud which here obtain are excluded by statute, and the question declared to be one of fact, a different rule prevails.

Hence the decisions of the courts of those jurisdictions are not applicable.

The judgment must be and is affirmed.