## City of Robinson v. Clara C. Hilderbrand.

1.   JURISDICTION—*Of Justices of the Peace and County Courts.*—Justices of the peace in this State have not at any time had jurisdiction in actions to recover damages for personal injuries caused by negligence, and consequently under the statute a County Court has no jurisdiction of such a case.

**Trespass on the Case,** for personal injuries.   Error to the County Court of Crawford County; the HON. JOHN C. EAGLETON, Judge, presiding.   Heard in this court at the August term, 1897.   Reversed.   Opinion filed September 10, 1897.

PARKER & CROWLEY, attorneys for plaintiff in error.

P. G. BRADBURY, attorney for defendant in error.

OPINION PER CURIAM.

This was an action on the case by defendant in error against plaintiff in error, commenced and prosecuted to judgment in the County Court of Crawford County.   The declaration charges that plaintiff in error was guilty of negligence in suffering a certain bridge within its corporate limits, and over which it had control, to be and remain in bad and unsafe repair and condition, whereby defendant in error was thrown from a buggy and sustained personal injury.

Plaintiff in error brings the case to this court and assigns, among other errors, that the County Court did not have jurisdiction to try the case.

The statute provides:   "The County Court shall have concurrent jurisdiction with the Circuit Court in all that class of cases wherein justices of the peace now have or may hereafter have jurisdiction, where the amount claimed or the value of the property in controversy shall not exceed one thousand dollars."

Justices of the peace in this State have not at any time had jurisdiction in actions to recover damages for personal injury caused by negligence, and consequently the County Court had no jurisdiction.   The judgment below will therefore be reversed.