### Adolph Reinhardt v. Minnie Blanchard.

1. Landlord's Lien—*Sale of Crop by Tenant.*—When the purchaser
of grain from a tenant knows the fact of such tenancy, and that his
vendor, as such tenant, had raised the grain on the demised premises, it
will be such notice as to put him upon inquiry as to the landlord's lien,
and as to whether or not the rent has been paid. If he fails to make
such inquiry he is not a *bona fide* purchaser without notice.

Trespass on the Case, to recover the value of certain grain sold
by tenant. Trial in the Circuit Court of Bureau County; the Hon.
Harvey M. Trimble, Judge, presiding. Verdict and judgment for
plaintiff. Appeal by defendant. Heard in this court at the May term,
1898. Affirmed. Opinion filed September 26, 1898.

Alfred R. Greenwood, attorney for appellant.

George S. Skinner, attorney for appellee.

Mr. Justice Crabtree delivered the opinion of the court.
This was an action on the case brought by appellee
against appellant to recover the value of certain grain sold

to him by John H. Hoffman, a tenant of appellee. There was a plea of the general issue, and trial by jury resulting in a verdict and judgment in appellee's favor for $151.10.

There is no question that Hoffman was a tenant of appellee and sold corn to appellant to the amount of $151.10, and that such corn was raised on the premises leased by appellee to Hoffman. The only question is as to whether appellant was a purchaser in good faith and without notice of appellee's rights in the corn. We think the evidence upon that question was sufficient to warrant the jury in finding, as they evidently did, that appellant knew Hoffman was appellee's tenant, and that the corn purchased was raised on the leased premises. The facts proven were such as to put appellant upon inquiry as to whether the rent had been paid or not. We understand it to be the well settled law of this State, that when the purchaser of grain from a tenant knows the fact of such tenancy, and that his vendor, as such tenant, had raised the grain on the demised premises, this will be such notice as to put him upon inquiry as to the landlord's lien, and as to whether or not the rent has been paid. If he fails to make such inquiry he is not a *bona fide* purchaser without notice. Watt v. Scofield, 76 Ill. 261; Prettyman v. Unland et al., 77 Ill. 206; Carter v. Andrews, 56 Ill. App. 646.

The instructions were substantially in harmony with the principles announced in these cases, and while there may have been some slight inaccuracies they are not sufficiently serious to demand a reversal. The judgment will therefore be affirmed.