## Frank Lynch, Appellant, v. Harry Smith, Appellee.

### Gen. No. 5284.

LANDLORD AND TENANT—*who not purchaser of crops in good faith.* One purchasing grain of a known tenant of another with knowledge that such grain was raised upon the demised premises is not a purchaser in good faith.

Action in case. Appeal from the Circuit Court of La Salle county; the Hon. RICHARD M. SKINNER, Judge, presiding. Heard in this court at the October term, 1909. Reversed and judgment here.

Opinion filed March 11, 1910.    Stricken from rehearing docket April 13, 1910.

Robert Carr and R. A. Green, for appellant.

McDougall & Chapman, for appellee.

Mr. Justice Willis delivered the opinion of the court.

For a number of years prior to 1907, George Lynch rented a farm from Frank Lynch, appellant, on shares, but for that year it was agreed that he should pay $800 money rent. In January, 1908, he delivered to Harry Smith, appellee, a warehouseman, seven hundred and ten bushels and fifty pounds of grain raised on the premises during the season of 1907, and received therefor a check for $735.68, dated January 11, 1908. The rent had not been paid, and the landlord sued the warehouseman to recover the value of the grain. His defense was that he purchased the grain in good faith. The cause was heard by the court without a jury and a judgment was rendered for appellee, and that the landlord pay the costs. This appeal is prosecuted by the landlord.

The evidence shows that appellee knew when he bought the grain that George Lynch was a tenant on appellant's farm, and that the grain was raised on the leased premises. This knowledge was sufficient to put him on inquiry as to whether or not the rent had been paid. Reinhardt v. Blanchard, 78 Ill. App. 26. He was bound to know that the Landlord and Tenant Act gave the landlord a lien for rent on the crops raised on the demised premises, which he might enforce as to all except purchasers in good faith. If he failed to make inquiry he was not a purchaser in good faith. Watt v. Scofield, 76 Ill. 261; Prettyman v. Unland, 77 Ill. 206; Carter v. Andrews, 56 Ill. App. 646. He made no inquiry of the landlord concerning the rent, but testified that he learned from the tenant that

it had been paid. The only conversation with the tenant that he testified to, was one had in January, 1907, before the grain was grown or the term for which money rent was paid, begun, in which the tenant told him he had rented for cash, payable in advance, and needed $500 to see him through, and asked appellee to loan him that amount, which he did. If appellee understood that this $500 was to be used in paying the rent, then he did not understand that the rent had been paid. If he did not understand that this money was to be used in paying the rent, then he understood only that the tenant said in January before the term began, that he had rented for $800 cash rent, payable in advance. That was not equivalent to saying that the rent had been paid, and could not have been so understood by appellee. His statement that he learned from the tenant that the rent had been paid, made when pressed on cross-examination, without any detail as to when or where or in what language the fact was conveyed to him, is not entitled to be believed as establishing the proposition that the tenant told him the rent was paid. We must conclude that he did not inquire of the tenant whether or not the rent was paid, and since he was well acquainted with the landlord, and for four preceding years had sent him the proceeds of his share of the crop delivered at his warehouse by the tenant, thus protecting himself by seeing to it that the rent was paid, it seems to be a just inference from the evidence, that in this instance, he decided to collect his own debt. We are also of the opinion that an inquiry of the tenant alone would not have been sufficient, but that he should have inquired of the landlord. In payment for the grain, appellee gave the tenant an instrument called a check which he testified was a regular form he used to protect him from "'scalawag renters'" which contained a representation that the grain was not subject to any landlord's lien, apparently intended to be signed by the seller. This instrument was not signed on its face

by the tenant but was endorsed "Geo. Lynch" on the back. The inference that we draw therefrom, is, that either the tenant was not inquired of as to whether the rent was paid or asked to sign the paper; or that he told appellee when inquired of that it was not paid and would not sign the paper. That it was not paid was the fact, and the presumption is that the tenant would have told the truth.

There is no force in appellee's argument that he had a right to rely upon the statements of the tenant as appellant had held him out as his agent, since there is abundant proof that appellee acted entirely under appellant's directions in handling appellant's share of the grain delivered at appellee's warehouse in previous years by the tenant, and in remitting the proceeds of sale thereof, and there is nothing in the record from which such an agency can be implied.

We therefore hold that appellee did not establish his defense that he purchased the grain in good faith, and that he should not be allowed to protect himself under the plea that the tenant told him that the rent had been paid.

Therefore the judgment of the Circuit Court is reversed, and the judgment will be entered here for appellant and against appellee for $735.68.

*Reversed and judgment here.*