## Charles H. Nelson, Appellee, v. First National Bank of La Harpe, Appellant.

### (Not to be reported in full.)

Appeal from the Circuit Court of Hancock county; the Hon. HARRY M. WAGGONER, Judge, presiding. Heard in this court at the April term, 1913. Affirmed. Opinion filed October 16, 1913.

### Statement of the Case.

Action by Charles H. Nelson against First National Bank of La Harpe to recover damages for the appropriation of certain corn on which plaintiff had a landlord's lien for rent. From a judgment in favor of plaintiff for $826.42, defendant appeals.

C. W. WARNER, D. E. MACK and GEORGE V. HELFRICH, for appellant.

SCOFIELD & CALIFF, for appellee.

MR. JUSTICE THOMPSON delivered the opinion of the court.

### Abstract of the Decision.

1. LANDLORD AND TENANT, § 337*—*extent of landlord's lien.* Landlord has a statutory lien upon crops grown or growing upon

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number

Nelson v. First National Bank of La Harpe, 184 Ill. App. 349.

the demised premises in any year for the rent that shall accrue during such year, but no specific lien is created or given on any other property of the tenant.

2. LANDLORD AND TENANT, § 343*—*priority of landlord's lien.* The lien of a landlord is superior to that of a subsequent chattel mortgage.

3. LANDLORD AND TENANT, § 352*—*enforcement of landlord's lien as against third persons.* Any person who knowingly by purchase or otherwise deprives a landlord of the opportunity of enforcing his lien is guilty of a tort, and the landlord has a right of action for the damages sustained. Case is the proper remedy to enforce such liability, but it must appear that the property or its proceeds have been disposed of so that the lien cannot be enforced against either.

4. LANDLORD AND TENANT, § 348*—*when evidence sufficient to show wrongful impairment of landlord's lien.* In an action against a bank to recover damages for appropriating certain corn and its proceeds so as to impair plaintiff's lien for rent, acts of the bank in procuring a chattel mortgage on all of tenant's property and in receiving a check from tenant for corn sold knowing of the plaintiff's lien, together with other attending circumstances, *held* sufficient to warrant jury in finding that the bank participated in or authorized the sale of the corn and thereby wrongfully deprived plaintiff of his statutory lien.

5. LANDLORD AND TENANT, § 348*—*admissibility of evidence.* In an action to recover damages for appropriating corn upon which plaintiff had a landlord's lien, a note and chattel mortgage executed by tenant to defendant *held* admissible in evidence.

6. LANDLORD AND TENANT, § 348*—*sufficiency of instructions in suit for impairment of landlord's lien.* In an action by a landlord for the impairment of his lien on tenant's corn, an instruction given for plaintiff stating that it is not required of plaintiff to prove actual fraud or actual fraudulent intent, *held* to correctly state the law, and instructions requested by defendant *held* properly refused.

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.