George A. Lawrence, Appellant, v. Elmwood Elevator Company, Appellee.

Gen. No. 8,049.

Heard in this court at the May term, 1929. [redacted] Opinion filed December 13, 1929. Rehearing denied June 24, 1930.

LAWRENCE, NELSON & STUART, WALLACE J. BLACK and CLYDE M. WEST, for appellant.

TODD, MORGAN, PENDARVIS & ARBER, for appellee.

MR. JUSTICE JONES delivered the opinion of the court.

Plaintiff instituted this proceeding to recover the market value of 5,767 bushels of corn grown on his land and sold by his tenant to the defendant before rent was paid. The original declaration consisted of a single count in trover. An additional count was filed seeking to recover because of an alleged landlord's lien on the crops of the year 1926.

At the close of plaintiff's testimony the jury was instructed to find defendant not guilty under the first count of the declaration. The case went to the jury on the second count and a verdict was rendered in favor of the defendant. This appeal is from a judgment rendered thereon.

The record shows that plaintiff leased to his tenant, Clinton Bane, approximately 1,000 acres of land for a term of years beginning March 1, 1918, at $6,500 a year. The tenancy and possession under the lease continued to September 1927. On February 21, 1927, Bane owed plaintiff for back rentals, not including the rent for the year 1926, the sum of $13,500 as evidenced by a promissory note. On that day Bane executed and delivered to plaintiff another promissory note for $9,000, due February 1, 1928. This note included the rent for the year 1926, which had been reduced by agreement to $5,500 and also $3,500 which had been placed as a credit upon the said $13,500 note. The note for $9,000 was secured by chattel mortgage of even date therewith. The mortgage covered numerous items of personal property including a large amount of livestock, as well as the corn and other crops. It contained a provision that until default be made by the mortgagor, it should be lawful for Bane to retain possession of the said goods and chattels and "to use and enjoy the same."

The testimony discloses that on or about June 15, 1927, Bane sold and delivered to defendant elevator company 5,763 bushels and 20 pounds of corn for the sum of $4,440.79. This grain had been raised on the premises of plaintiff, shelled on his land, and hauled to defendant's elevator. The number of bushels and its value are not questioned. The grain was delivered by Bane into the bins of the defendant and the testimony shows that when this suit was brought it had been shipped out by defendant and was not in its possession. Some time after the defendant received the grain, the plaintiff foreclosed the chattel mortgage executed by Bane, and realized about $5,000 from the sale thereunder.

Plaintiff cannot recover under the trover count because he had not reduced the grain to possession by levy of a distress warrant or otherwise. (*Finney v.*

*Harding,* 136 Ill. 573; *Frink v. Pratt,* 130 Ill. 327.) Nor was his claim of lien under the chattel mortgage good against the defendant because the mortgage expressly gave the tenant the right to use and consume the corn. A chattel mortgage upon property of such nature that it will necessarily be consumed and destroyed by any legitimate use which may be made of it, is fraudulent as a matter of law and void as to third persons if the mortgage contains a provision that the mortgagor may retain possession of the property and use the same. (*Talty v. Schoenholz,* 323 Ill. 232; *Harris v. Wemple,* 63 Ill. App. 577; 11 C. J. 567.) Corn on a farm is of such nature and it is therefore apparent that plaintiff could not recover under the first count. The court properly directed a verdict of not guilty upon that count.

The second count of the declaration raises the question as to the existence of a landlord's lien for the rent of the year 1926. It is claimed that the plaintiff has no cause of action against the defendant because this suit was not begun within a period of six months after the expiration of the lease. The claim is based on section 31 of the Landlord and Tenant Act, Cahill's St. ch. 80, ¶ 31, which provides that a landlord shall have a lien on the crops for his rent and that such lien shall continue for a period of six months after the expiration of the term. The lease expired March 1, 1927. The lien therefore expired August 31, 1927. Lawrence testified that Buck told him, about the middle of August, 1927, the corn had been shipped out long ago. Buck made no denial of the statement, although he was on the witness stand after Lawrence had testified. Under such circumstances a landlord does not lose his lien and he had a remedy against one who purchases the crops from the tenant with knowledge of the tenancy. (*Prettyman v. Unland,* 77 Ill. 206.)

The weight of the testimony shows that the agents and officers of defendant knew that Bane was the ten-

ant of Lawrence. If a purchaser of crops knows that they were grown upon rented premises, he is put upon inquiry as to the landlord's lien for unpaid rent. A landlord's lien is not defeated by the tenant's sale of the crop to a person who has notice. One who purchases grain from a tenant with knowledge that he is a tenant is not a bona fide purchaser, but takes subject to the landlord's lien. (*Watt v. Scofield,* 76 Ill. 261; *Hunter v. Whitfield,* 89 Ill. 229; *Prettyman v. Unland, supra.*) Where one purchases from a tenant with knowledge of a lien, there exists a right of action in the landlord. Case is a proper remedy but it must appear that the property or its proceeds has been disposed of so that the lien cannot be enforced against either. (*Nelson v. First Nat. Bank of La Harpe,* 184 Ill. App. 349.)

The inclusion of $5,500 for the rent of 1926 in the note secured by chattel mortgage did not constitute a waiver of the lien for the rent in the absence of an express agreement to that effect. (*Atkins v. Byrnes,* 71 Ill. 326; 24 L. R. A. 812.)

The fifth instruction told the jury that if they found from the evidence that defendant's manager purchased the corn in question from Bane in the regular course of business and paid for it without any actual intention to defraud plaintiff of his lien and without notice of the plaintiff's claim or knowledge of such facts or circumstances as would put a reasonably prudent man upon inquiry as to the nature and extent of plaintiff's lien, if any, the defendant would be an innocent purchaser and the jury should find the defendant not guilty. The instruction directed a verdict and in effect required the jury to find for defendant, unless they found that defendant's manager purchased the corn with an actual intent to defraud plaintiff of his lien. This is an erroneous expression of the law. It is not required that the plaintiff prove an actual fraud or even a fraudulent intent on the part of the defendant.

(*Nelson v. First Nat. Bank of La Harpe, supra.*) But to the contrary, where a purchaser has notice of the existence of a tenancy, he is put upon inquiry and the burden is on him to show that he has reasonably discharged his duty in that regard. For the same reason the sixth and seventh instructions given on behalf of defendant are prejudicial. The eleventh instruction given on behalf of defendant correctly informed the jury that the amount realized by Lawrence from the sale under Bane's chattel mortgage should be credited upon the note secured thereby.

For the errors above pointed out the judgment is reversed and the cause remanded.

*Judgment reversed and remanded.*