William Sullivan, Appellant, v. The Board of Trustees
of the University of Illinois, Appellee.

Gen. No. 8,568.

Heard in this court
at the October term, 1931. Opinion filed February 1, 1932.

BUSCH & HARRINGTON, for appellant; C. E. TATE, of
counsel.

SVEINBJORN JOHNSON, for appellee.

MR. JUSTICE ELDREDGE delivered the opinion of the
court.

This case originated before a justice of the peace.
On the trial in the circuit court on appeal, the court
directed the jury to find the defendant not guilty.

William Sullivan, appellant, owned a farm in Champaign county on which one Matt Ohl was a tenant, under a lease providing for a cash rental of $1,000 per year payable in the sums of $500 on the first days of September and January of each year. The lease expired on the first day of March, 1930. During the season from March 1, 1929, and ending March 1, 1930, Ohl raised certain corn upon the premises part of which, consisting of 340 89-1,000 bushels, he sold to the University of Illinois. This corn was delivered to the University on March 4, 1930, and the University by check paid to said Ohl the price thereof April 30, 1930. It appears that the University had purchased corn raised on the Sullivan farm a number of times previously and had paid for the same by check payable to both Sullivan and Ohl. The corn involved in this case was purchased through the Department of Animal Husbandry in the College of Agriculture. It appears from the evidence that certain procedure must be followed in the purchase of merchandise for the University before a contract therefor is completed. This was substantially as follows as provided by the rules of the University, which rules are printed upon the different documents used in the transaction. The Department of Animal Husbandry in the College of Agriculture, when it finds it necessary to purchase corn, directs some member of that department to ascertain where the corn can be purchased and the price thereof; upon finding the corn and a person willing to sell, a requisition is made out by the head of the department; this requisition confirms or approves the order tentatively given by the representative of the department and if approved is signed by the head of the department; it is then sent to the business office and checked over by the comptroller to determine that money has been appropriated which is available for the purpose; it is then checked over by the auditor to make sure that the

board of trustees of the University have appropriated money which is properly available for the proposed purchase; having received the approval of all these different officers, the purchase is approved by the purchasing agent.

In the present case Mr. C. W. Crawford, who held the rank of Associate in Animal Husbandry, was requested by that department to find some corn for the department. He made a tentative purchase of the corn from Ohl which was finally properly approved in the manner above mentioned, and while the corn was being delivered Sullivan testified he went to Crawford and notified him that Ohl was leaving appellant's farm that year and that he wanted the check for the corn made out to himself and Ohl jointly as Ohl's rent had not been paid and that Crawford agreed that the check would be made out payable to Ohl and Crawford jointly as requested. The evidence shows that the check was made payable to Ohl alone.

Counsel for appellant claim this is an action in assumpsit for the breach of contract. They state their position as follows:

"So as to again make our position clear before this Court, we wish to state at the outset that it is not our contention that the action of the University of Illinois in purchasing the corn in question was an impairment of the landlord's lien of the appellant in this case. Indeed, it is our contention that the agreement which Mr. Sullivan entered into with the agent of the Board of Trustees of the University of Illinois required that the appellant waive his landlord's lien as to the corn in question. Certainly, therefore, where he agreed to waive his lien by permitting the corn to be sold, he could not claim an impairment of that lien. We state this at the outset, as there was considerable argument in the trial directed to that phase of the case.

"It is our position and contention that a contract was entered into by the appellant with the agent of

the Board of Trustees (Mr. Crawford) to the effect that Mr. Sullivan, in consideration of the check for the corn being made payable jointly to himself and Mr. Ohl, would permit the tenant to sell the corn to the University and thereby waive all of his rights to a lien for rent which was owing to him for the current year by Mr. Ohl as a tenant on the farm of appellant; and it is our belief that the evidence sustains such a contract and a breach thereof by the University. If such is the case, there can be no question, we believe, but that the appellant was entitled to recover a judgment against the University.''

The corn in question was the absolute property of Ohl. Of course, it was subject to a landlord's lien for rent when such a lien should be enforced. It has long been held in this State that the remedy by a landlord for the impairment of his landlord's lien resulting from the purchase by a third party of the property covered by the lien is an action on the case, that is, in tort. *Finney v. Harding,* 136 Ill. 573. It is apparent also that Crawford had no authority to bind the trustees of the University by any contract of the nature claimed. His authority was limited to ascertaining where the required commodity could be bought, the price to be paid therefor and the name of the owner. This information was submitted to higher authorities who approved or disapproved the purchase as they saw fit. Crawford had no authority to contract with Sullivan as to whom the price of the corn should be paid. The corn was the property of Ohl. It was purchased from him and he was properly paid therefor. If his landlord's lien was impaired by this transaction then Sullivan had his remedy in tort. There is a stipulation of facts filed in this case wherein it is shown that on March 16, 1930, Sullivan took possession of 1,800 bushels of corn in the crib on the farm and that the market price of said corn at that time was 64¢ per bushel. The value of this corn therefore was

$1,152. He testified that when Ohl left the farm there was a balance of $600 due for rent. The evidence clearly shows that Sullivan was not damaged in any way by the payment to Ohl for the corn purchased by the University because by his own testimony he distrained corn of the value of $552 more than was sufficient to pay the balance of the rent due him by Ohl. From no point of view has appellant any cause of action against appellee.

The judgment of the circuit court is affirmed.

*Affirmed.*