## William Deutsche, Appellee, v. Whitaker Farmers Elevator Company, Appellant.

### Gen. No. 9,587.

Opinion filed April 25, 1941.

EVA L. MINOR, of Kankakee, for appellant.

W. H. DYER, of Kankakee, for appellee.

MR. JUSTICE DOVE delivered the opinion of the court.

Appellee, William Deutsche, is the owner of a farm located near Monee in Will county which he leased for the crop year beginning March 1, 1938 and ending March 1, 1939 to John Buss under a verbal agreement which provided that the landlord was to receive one half of the crops grown, and $4 an acre cash for pasture rent. The agreement also provided that the corn raised on the farm was to be, by the tenant, delivered at the elevator in Peotone and there divided.

Prior to March 7, 1939, Buss had shucked 428 bushels of corn which was raised on this farm and which he had cribbed in a bin on the farm. On that day, he, Buss, without the knowledge or consent of appellee, shelled this corn and had it hauled to the elevator of the Whitaker Farmers Elevator Company located at Whitaker and received in payment therefor a check for $174.19 which he indorsed and subsequently cashed. The manager of the Elevator Company was not acquainted with Buss and did not know that he lived on appellee's farm but did know that the corn was raised on rented land and inquired of Buss whether there was any lien upon it and was told by Buss that there was not. The farm of appellee upon which this

corn was raised is located about 3 miles north of Peotone where there was an elevator and grain market. The village of Manteno is south of Peotone about 3 miles and Whitaker, the place where the corn was delivered, is east of Manteno, and approximately 15 miles from the farm where the corn was raised. On the back of this check over Buss' signature appears the following: "I hereby represent to the maker of this check that I am the sole owner of the grain or product in payment for which this check is issued, and there is no mortgage, landlord's or other lien on such grain or product."

On April 15, 1939, appellee brought this suit before a police magistrate against the Whitaker Farmers Elevator Company which resulted in a judgment in favor of the company. Upon appeal to the county court of Kankakee county, a jury was waived and the cause submitted to the court for determination, resulting in a judgment against the defendant and in favor of the plaintiff for $174.19 and defendant appeals.

Counsel for appellant first insist that this is an action by a landlord against a purchaser of grain upon which he, the landlord, had a lien for rent, that such an action is in tort and under the statute the court in which this cause originated had no jurisdiction to hear and determine such an action.

Counsel for appellee relies upon section 16, subdivision 6 of chapter 79—Ill. Rev. Stat. [Jones Ill. Stats. Ann. 71.012], which provides, among other things, that justices of the peace shall have jurisdiction in actions for damages for fraud in the sale, purchase or exchange of personal property. It is the contention of appellee's counsel that appellant's purchase of this corn was fraudulent and, therefore, under the provisions of this statute, the police magistrate did have jurisdiction.

*Sullivan v. Board of Trustees,* 265 Ill. App. 16 was a suit which originated before a justice of the peace and was brought by a landlord against the Board of Trustees of the University of Illinois who purchased some corn of plaintiff's tenant, Matt Ohl. In the course of its opinion which affirmed the judgment of the trial court in directing a verdict of not guilty, the Appellate Court said: "The corn in question was the absolute property of Ohl. Of course, it was subject to a landlord's lien for rent when such a lien should be enforced. It has long been held in this State that the remedy by a landlord for the impairment of his landlord's lien resulting from the purchase by a third party of the property covered by the lien is an action on the case, that is, in tort. *Finney v. Harding,* 136 Ill. 573."

*Lawrence v. Elmwood Elevator Co.,* 258 Ill. App. 101 was an action brought by a landlord in the circuit court to recover from an elevator company the market value of corn sold the defendant by the tenant of the plaintiff. In its opinion the court said: "If a purchaser of crops knows that they were grown upon rented premises, he is put upon inquiry as to the landlord's lien for unpaid rent. A landlord's lien is not defeated by the tenant's sale of the crop to a person who has notice. One who purchases grain from a tenant with knowledge that he is a tenant is not a bona fide purchaser, but takes subject to the landlord's lien. (Citing cases.) Where one purchases from a tenant with knowledge of a lien, there exists a right of action in the landlord. Case is a proper remedy but it must appear that the property or its proceeds has been disposed of so that the lien cannot be enforced against either. (*Nelson v. First Nat. Bank of La Harpe,* 184 Ill. App. 349.)"

*Finney v. Harding, supra,* was an action by a landlord to recover of a grain buyer the value of oats and

corn raised by a tenant upon the landlord's premises and sold by the tenant to the defendant. The court held that the landlord had no right of property in the crop sold and no right of possession and, therefore, no action could be maintained by the landlord, except an action on the case for a fraudulent act intended to impair the landlord's security.

Counsel for appellee agree that case is a proper remedy but insist that it is not the exclusive remedy and call attention to the fact that in the instant case the record discloses that Ben Maass had been the manager for appellant for seven years, that he had never seen John Buss, the tenant, until the morning he purchased this corn, that at that time he knew the corn was raised on rented land 15 miles from the place where it was sold, and knew that the seller was a tenant and was moving away from the farm on which the corn was raised. From these facts counsel argue that appellant's purchase of this corn was fraudulent and, therefore, clearly within the provisions of the subdivision of the statute upon which he relies.

In the instant case the sale of the corn was a transaction between appellant and appellee's tenant. Appellee himself was not a party thereto. There is no contractual relationship existing between the parties to this suit. The fraud referred to in the provision of the statute relied upon by counsel for appellant is the fraud of the seller in an action brought against him by the buyer while the instant suit is one to recover damages for the impairment of appellee's lien. Furthermore, from this record it does not appear that appellant had disposed of this corn or had mingled it with other grain at the time this suit was instituted. If it had not been disposed of or mingled with other grain, appellee could have enforced his lien, and under the authorities, if appellee could have enforced his lien a recovery for fraudulently impairing his lien

as landlord could not have been had. *Nelson v. First Nat. Bank of La Harpe, supra.*

Under all the authorities, Buss, the tenant, had title to this corn, subject only to the landlord's lien, and having title thereto had a right to sell and appellant had a right to buy. Appellee, the landlord, had a lien thereon but whether appellant, under the facts as they appear in this record, should be charged with notice of that lien and whether it was guilty of a fraudulent act intended to impair the landlord's security, need not be determined in view of our conclusion that the judgment is not warranted by the evidence found in this record and that the court in which this proceeding originated did not have jurisdiction to hear and determine the controversy.

The judgment of the county court of Kankakee county is reversed.

*Judgment reversed.*