John Poole, Cross-Defendant-Appellee, v. Anderson Lake, Counterplaintiff-Appellant, and Ida Thompson, and Mary Lake, Cross-Plaintiffs-Appellants.

**Gen. No. 46,905.**

First District, Third Division.

June 29, 1956.

Released for publication September 12, 1956.

Jack B. Temple, Joseph Krasner, Joseph P. Roth, and William D. O'Neill, all of Chicago, for appellants.

Gariepy & Gariepy, of Chicago, for appellee; Fred A. Gariepy, and John Spalding, both of Chicago, of counsel.

JUDGE KILEY delivered the opinion of the court.

This is an appeal by defendant-counter-plaintiff and by cross-plaintiffs from an order dismissing the counter suits for want of jurisdiction by the County Court over personal injury actions.

The accident involved a collision between the automobiles of plaintiff and Anderson Lake near 53rd and Dearborn streets in Chicago. Ida Thompson and Mary Lake were riding in the automobile of Anderson Lake. Plaintiff sued for damages to property and the Lakes and Ida Thompson, referred to herein as counter-plaintiffs, sought damages for personal injuries. Plaintiff's motion to strike the counterpleadings was overruled, but his subsequent motion to vacate the overruling order and to dismiss was sustained and judgment entered against counter-plaintiffs.

The only question before us is the jurisdiction of the County Court in personal injury actions. The decision is one of first impression and requires a construction of the 1943 Amendment to Chapter 79, Paragraph 16, Illinois Revised Statutes, 1955.

"County courts are given certain jurisdiction by the constitution but all other jurisdiction must be

conferred by statute, and if conferred by statute the jurisdiction is limited to such cases as are specified in the statute." (People v. McWeeney, 259 Ill. 161, 170.) The constitution does not give county courts jurisdiction in personal injury actions but provides that they shall have "such other jurisdiction as may be provided for by general law."

The legislature has provided: "The County Courts shall have concurrent jurisdiction with the Circuit Courts in all that class of cases wherein justices of the peace now have or may hereafter have jurisdiction, where the amount claimed . . . shall not exceed two thousand dollars ($2,000), concurrent jurisdiction in all cases or appeals from justices of the peace . . ." (Chap. 37, Par. 177, Ill. Rev. Stat., 1955.)

The jurisdiction of justices of the peace is conferred by Par. 16, Chap. 79. Before 1943 this section provided: "1. Justices of the peace have jurisdiction in their respective counties in the following actions, when the amount claimed does not exceed five hundred dollars." There were set forth thirteen "actions," including, "Thirteenth—In garnishment by attachment . . ." This "Thirteenth" provision was amended in 1943 by the addition of the following: "For trespass or trespass on the case." It is this language about which the issues here revolve.

The parties agree that before 1943 county courts had no jurisdiction in personal injury cases (Schiller v. Nevius, 187 Ill. App. 485) because justices of the peace had none. (Western Union Tel. Co. v. Dubois, 128 Ill. 248; City of Robinson v. Hilderbrand, 71 Ill. App. 53.) At that time their jurisdiction in tort cases was limited to:

"Second—For damages for injury to personal property and real property, or for taking or detaining personal property.

". . .

222

"Fourth—Against railroad companies . . . for killing or injuring horses, cattle . . . ; for loss of or injury to baggage or freight; and for injury or damage to real or personal property. . . .

" . . .

"Sixth—For damages for fraud in the sale, purchase or exchange of personal property. . . .

" . . .

"Eleventh—To assess damages for sheep killed by dogs."

 The parties are not in dispute upon the relevant rules of construction: The statute must be read as a whole; the amendment operates as if its subject-matter had been incorporated in the prior Act at the time of its adoption; and (Acme Fireworks Corp. v. Bibb, 6 Ill.2d 112, 117) the amendment must be considered purposeful and effect must be given the amended law in a manner consistent with the amendment.

Plaintiff, relying on the rule of ejusdem generis, contends that the only meaningful interpretation is that the legislature intended by the amendment to confer jurisdiction in trespass or case actions of the same kind as those already enumerated and particularly to rectify the defect shown in Deutsche v. Whitaker Farmers Elevator Co., 310 Ill. App. 226, in 1941. Counter-plaintiffs argue that that rule should be applied to aid in finding and giving effect to legislative intent, and not to defeat the evident purpose of the legislature in using plain terms which have a generally accepted meaning, and furthermore, that the preceding twelve grants are not of the same, but of different, kinds of action.

In the Deutsche case this court reversed a judgment for plaintiff by a county court on appeal from a judgment for defendant by a justice of the peace. The plaintiff argued that the suit for impairment of a landlord's

223

lien was in tort and the justice of the peace had no jurisdiction. Defendant argued that jurisdiction resided in the grant in class "Sixth—For damages for fraud in the sale, purchase. . . of personal property, and where the action of debt or assumpsit lies." Since Deutsche was neither seller, nor purchaser, on the facts, the court decided that the "Sixth" grant did not cover the case, and that the action was trespass on the case of which justices of the peace had no jurisdiction.

There is some basis for arguing that the amendment in question was intended to supply the deficiency in jurisdiction noted in the Deutsche case. On the other hand a persuasive argument could be advanced that the legislature need not have gone beyond a simple amendment to the "Sixth" grant in order to bring within its power actions by third person lienors where their liens have been impaired by a fraudulent sale or purchase. We think the words "trespass and trespass on the case" have such settled meanings that we must presume, absent very cogent reasons to the contrary, that the legislature intended their settled meanings to be understood. We find no reasons of sufficient cogency to justify taking these terms in a sense different from their settled meanings.

Finally, we consider the argument that viewing the amendment as having been in the act at its adoption (People v. Boykin, 298 Ill. 11, 20), the "Second" and "Fourth" classes must be considered as surplusage and that we cannot assume the legislature intended surplusage. Counter-plaintiffs contend that "Second," "Fourth," "Sixth," and "Eleventh" needed no enlargement to cover damage to personalty and "Second" and "Fourth" adequately covered damage to real estate, and therefore the amendment to "Thirteenth" was intended to enlarge the jurisdiction to include personal injury actions which had not already been covered. This argument does not exclude the possibility that

the legislature intended also to include actions such as the impairment of lien action in the Deutsche case.

We hold that ejusdem generis does not limit the breadth of the amendment to the kind of trespass or case actions previously enumerated. The amendment included the tort actions mentioned and the unmentioned common-law actions historically included in trespass and trespass on the case; and since it was made after the specific powers were granted, it is plain that the legislature, in the act as amended, did not intend the enumeration to be exclusive and therefore the amendment may be given full effect. (Shamel v. Shamel, 3 Ill.2d 425, 432.)

It is not the function of this court to inquire into the reason why the legislature enacted the amendment to "Thirteenth" instead of amending one or more of the classes which bear a closer relation than "Thirteenth" to the amendment; nor why the general terms "trespass or trespass on the case" were used instead of more specific terms. It may be that the legislature thought there would be other and further actions, beyond those of personal injury and impairment of lien, not yet enumerated specifically and not yet foreseen or foreseeable, which it might be well to include. We think whatever the reason, it used the terms intending that they be accepted in their ordinary meaning, even though this might result in overlapping or surplusage, and that the cross-actions and counter claim fall within that meaning.

But one of plaintiff's contentions is that absurd consequences would follow the construction urged by counter-plaintiffs and he relies on the following rule stated in Louisville & N. R. Co. v. Industrial Board, 282 Ill. 136, 140: "When great inconvenience or absurd consequences will result from a particular construction, that construction should be avoided unless the meaning of the legislature be so plain and manifest that avoidance is impossible." He points to the absurdity of trying the

225

complicated actions that are possible under trespass and case, such as conspiracy, libel and slander, wrongful death and malpractice. He says it would be absurd to have justices of the peace, who need not be lawyers, passing on these complex actions. Yet judges of many of our courts of record need not be lawyers. He argues also, to the same point, that there are no pleadings in a justice court. Since jurisdiction, however, is limited before justices of the peace to $500, this is not convincing. The legislature on the other hand may have foreseen the unlikely events of complicated actions being filed, without pleadings, to recover not more than $500; and classes "First," "Sixth," "Seventh," and "Eighth" could involve very complicated actions. There is not sufficient merit in the contention.

For the reasons given the judgment is reversed and the cause remanded with directions to proceed in a manner consistent with the views expressed in this opinion.

Reversed and remanded with directions.

LEWE, P. J. and FEINBERG, J., concur.