PANACO CORPORATION, Plaintiff-Appellee, *v.* STANDARD CO-OPERATIVE ELEVATOR CO., Defendant-Appellant.

Third District   No. 77-132

Opinion filed February 14, 1978.

Charles W. Helmig, of Helmig & Helmig, of Granville, for appellant.

Bruno P. Bernabei, of Spring Valley, for appellee.

Mr. JUSTICE SCOTT delivered the opinion of the court:

This is an appeal from a directed verdict for the plaintiff assessing damages of $7,155.51 against defendant, who had purchased grain from plaintiff's tenant. The verdict was directed after both parties had presented all their evidence in a jury trial in the circuit court of Putnam County.

Suit was commenced under the landlord's statutory crop lien for rent. (Ill. Rev. Stat. 1973, ch. 80, par. 31.) Standard Co-operative Elevator, defendant, paid $8,655.51 via four checks in one year to Ronald Durre, plaintiff's tenant, for grain delivered to the river terminal of defendant.

Defendant's manager made verbal inquiry of Durre as to the existence of liens against the grain. He required Durre to endorse a stamp affixed to the checks which amounted to a written denial of existing lien. The manager testified this was done when the elevator was dealing with new customers, for the protection of the elevator. The manager also testified that Durre was unknown to him, but that other employees informed him Durre was a tenant farmer in the area. The manager never asked Durre for the identity of the landlord.

When Durre came for the fourth check, he disclosed that a bank held a lien on the grain. The manager verified the lien with the county clerk and recorder and made the fourth check payable to both the bank and Durre. At the same time the manager asked, and was told, that no other recorded liens existed in Putnam County against Durre.

■■ Panaco's written lease with Durre disclosing $1500 unpaid rent from the prior year (1973) was not a matter of record.

> "If a purchaser of crops knows that they were grown upon rented premises, he is put upon inquiry as to the landlord's lien for unpaid rent. A landlord's lien is not defeated by the tenant's sale of the crop to a person who has notice. One who purchases grain from a tenant with knowledge that he is a tenant is not a bona fide purchaser, but takes subject to the landlord's lien." (*Lawrence v. Elmwood Elevator Co.* (1929), 258 Ill. App. 101, 105.)

See also *Reinhardt v. Blanchard* (1898), 78 Ill. App. 26.

■■ From the testimony it is clear defendant's manager knew he was dealing with grain grown on leased land and with a tenant farmer of a corporate entity, although he never bothered to ascertain the exact identity of the landlord, though he was under a duty to do so. See *Reinhardt v. Blanchard* (1898), 78 Ill. App. 26.

■■ Defendant contends that its agents made reasonable inquiry to discover the existence of a landlord's lien. The evidence, however, belies such contention, since the defendant did not ask Durre who his landlord was, nor did he search the land records for a recorded lease (although none would have been found), nor for ownership. Further, defendant did not search the tax records to ascertain the ownership of the land and never attempted to ascertain from any landlord whether rent was due and owing from Durre. The defendant's agent's conduct was in fact of the type that would ensue when dealing with a stranger even though they were aware that some liability could result to the defendant from improper payments to Durre if his landlord was possessed of a statutory lien.

Defendant did not make reasonable inquiry of the landlord in order to stand in the shoes of a bona fide purchaser against the landlord's lien. The evidence so overwhelmingly favored plaintiff-movant that no contrary

verdict could ever stand. (*Pedrick v. Peoria & Eastern R.R. Co.* (1967), 37 Ill. 2d 494, 229 N.E.2d 504.) Therefore the trial court was correct in directing the verdict for the plaintiff.

Affirmed.

ALLOY, P. J., and STOUDER, J., concur.